## Case No. 16,585.

### UNITED STATES v. TWO HUNDRED BAR-RELS OF WHISKY.

#### [2 Woods, 54.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1874.[2]

INTERNAL REVENUE — FORFEITURE OF SPIRITS — WHAT PROPERTY FORFEITED.

1. The spirits forfeited by section 96 of the act of July 20, 1868 (Rev. St. § 3456 [15 Stat. 164]), as a penalty for the offenses therein mentioned, are the spirits owned by the distiller, rectifier or wholesale liquor dealer, or in which he has any interest as owner at the time of the discovery of his offense.

2. The failure of a rectifier to cause spirits to be gauged and stamped, as required by the 25th section of the act of July 20, 1868 (Rev. St. § 3320), is punishable by the 57th section, not by the 96th section, of this act (Rev. St. § 3456).

[3. Cited in Coffey v. U. S., 6 Sup. Ct. 435, 116 U. S. 433. as one of the instances in which suits of this character have been brought originally in the circuit court.]

Heard on exceptions to the information.

J. R. Beckwith, U. S. Atty.
J. D. Rouse, for Karstendicke.

WOODS, Circuit Judge. The libel alleges that on the 18th of April, 1874, the whisky, being the property and in the possession of Otto H. Karstendicke, was seized by the collector of internal revenue, and its forfeiture is claimed on these grounds: (1) Because Karstendicke, being engaged in the business of a rectifier, did, on the 5th of January, 1874, fill for shipment, sale and delivery, on his rectifying premises, a large number of barrels with rectified spirits, and willfully omitted to procure and cause a United States gauger to gauge and inspect the same, and place thereon the stamps required by law. (2) Because, being on the 5th of January, 1874, a rectifier of distilled spirits, he did, on that day and at other times, empty, for the purpose of rectifying the same, the contents of a large number of casks containing distilled spirits, and neglected to file with the collector of internal revenue any notice or statement, giving the number of said casks, the serial number of the same, the number of gallons in each cask, the kind of stamps on the same, and the particular name of said spirits as known to the trade, by whom and in what district said spirits were produced, and by whom and when they were inspected.

The first count of the information is based on the 96th section of the act of July 20, 1868 (15 Stat. 164; Rev. St. § 3456). This section provides that if any distiller, rectifier, etc., shall knowingly or willfully omit, neglect, or refuse to do, or cause to be done, any of the things required by law in carrying on or conducting his business, or shall do any thing by this act prohibited, if there be no specific penalty or punishment imposed by any other section of this act, for the neglecting, omitting or refusing to do, or for the doing or causing to be done the things required or prohibited. he shall pay a penalty of one thousand dollars; and if the person so offending be a distiller, rectifier, etc., all distilled spirits owned by him, or in which he has any interest as owner, or if he be a manufacturer of tobacco or cigars, all tobacco or cigars found in his manufactory, shall be forfeited to the United States.

The exceptions raise these questions: (1) Whether the spirits or liquors, which the law forfeits for a failure to comply with its provisions, are those owned by the distiller at the time of the commission of the offense, or at the time of its discovery, or at some other time, say the 'time of seizure. (2) Whether the failure by the rectifier to cause the liquors to be gauged and stamped, as required by the 25th section of the act of July 20, 1868, is punishable under the 57th section of the act, or whether it is one of those cases where no specific penalty or punishment is imposed, and is therefore punishable under the 96th section.

1. I think the fair construction of the 96th section is that the spirits or liquor owned by the distiller at the time of the discovery of the offense are what the law forfeits. Any other construction would render the penalty so difficult of application as to render it harmless. If the offense is discovered some time after its commission, it would be impossible, in most cases, to know what liquors and spirits the distiller had at that time, and his stock on hand at the date of the commission of the offense may have been sold, shipped and consumed before the discovery of the offense. It cannot be fairly held that the spirits or liquors owned at the time of the seizure can be forfeited, for that would put it in the power of the revenue officers to postpone seizure until the distiller should have a larger quantity of spirits on hand, and thus put it in their power to determine the amount of the penalty. I conclude, therefore, that the spirits owned by the distiller at the time of the discovery of his offense, and these only, are subject to forfeiture under the 96th section. The counts of the information do not inform us when the offense was discovered, or whether the property seized was owned by the claimant at the time of the discovery. It is therefore defective, in that it does not show whether the property seized was owned by the distiller at the date of the discovery of his offense, or was subsequently acquired. It does not appear from the information that the property seized is liable to forfeiture.

2. The 96th section of the act of July 20, 1868, only inflicts a penalty where there is no specific penalty imposed by any other section for the act or omission. The 25th section of the act provides, that whenever any

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]
[2] [Affirmed in 95 U. S. 571.]

cask of rectified spirits shall be filled for shipment, sale or delivery on the premises of a rectifier, a United States gauger shall gauge and inspect the same, and place thereon an engraved stamp signed by the collector, showing the date when affixed and the number of proof gallons. Now the matter complained of in the information is, that the claimant did not cause this to be done, and a seizure was made, not of those packages which were not thus stamped according to law, but of other spirits owned by the claimant at a date three months subsequent to the alleged act of neglect. The question is therefore, whether the neglect to cause these casks and packages to be stamped is punishable by any other section of the act save the 96th. I think the 57th section was intended to inflict a penalty for such neglect. It declares that all distilled spirits found after thirty days from the time this act takes effect, in any cask or package containing more than five gallons, without having thereon each mark and stamp required by this act, shall be forfeited to the United States. This covers the precise case stated in the information. The offense charged is the neglect to cause the casks and packages to be stamped according to section 25. Here in section 57 we find the penalty of such omission to be merely the forfeiture of the property. We cannot then say that the omission to stamp or cause to be stamped falls under the 96th section, for the penalty imposed by that section is only applicable to cases where there is no specific penalty imposed by any other section of the act. My conclusion on this branch of the case is therefore, that where there is a neglect to cause casks or packages to be stamped as required by the 25th section, such casks or packages, and such only, are liable to forfeiture, and that other spirits or liquors of the distiller or rectifier cannot be seized and condemned for the offense.

Exceptions sustained.

[The libel was afterwards dismissed by the court, and thereupon the case was taken by appeal to the supreme court, where the judgment of this court was affirmed. 95 U. S. 571.]