# COFFEY *v.* UNITED STATES.

## ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KENTUCKY.

Argued December 10, 1885.—Decided January 18, 1886.

On a writ of error to review a judgment of forfeiture, entered after a trial by a jury and a general verdict for the United States, on an information *in rem*, filed in a Circuit Court of the United States, after a seizure of the *res* on land, for a violation of the internal revenue laws, there was no bill of exceptions, and no exception to the overruling of a motion for judgment *non obstante veredicto* and of a motion to set aside the verdict and in arrest of judgment : *Held*, That questions arising on demurrers to counts in the information, and as to the jurisdiction of the Circuit Court, could be reviewed.

The Circuit Court had jurisdiction of the suit.

A general verdict on several counts in such an information, which proceeds only for the forfeiture of specific property, will be upheld, if one count is good.

An information *in rem*, founded on section 3257 of the Revised Statutes, is sufficient if it follows the words of the section, and alleges that the person named was engaged in carrying on the business of a distiller and defrauded the United States of the tax on part of the spirits distilled by him ; and it is not necessary it should set forth the particular means by which he defrauded the United States of the tax, or specify the particular spirits covered by the tax, or aver that the spirits seized were distilled by him, or were the product of his distillery, or that the distillery apparatus was wrongfully used.

Rule 22 of the Rules in Admiralty prescribes regulations for the form of informations and libels of information on seizures for the breach of the laws of the United States, on land or water ; and the general rules of pleading in regard to Admiralty suits *in rem* apply to a suit *in rem* for a forfeiture, founded on a violation of the internal revenue laws, brought by the United States, after a seizure of the *res* on land.

The answer of the claimant set up a prior judgment, and sentence to pay a fine, on a plea of guilty by him to a criminal information founded on the same violations of law alleged in the information in this suit : *Held*, That no reply

to the answer was necessary to raise an issue of fact thereon, and such issue must be regarded as having been found against the claimant, by the general verdict ; and that no question in regard to such defence could be raised on a writ of error, in the absence of a demurrer to the answer, and of a bill of exceptions raising specific questions.

This was an information filed by the attorney of the United States for the District of Kentucky, on behalf of the United States, in the Circuit Court for that District, against one copper still and worm and other distilling apparatus, one distillery, with all its appurtenances, consisting of boiler, engine, copper doubler complete, with 65 tubs, also 22 barrels and 2 pieces of apple brandy, estimated at 850 gallons, said to be the property of John W. Coffey, and under seizure on land, by a deputy collector of internal revenue, as being forfeited to the United States. The original information alleged that Coffey "did have said still and worm, and distillery, engine, boiler, and other distilling apparatus, under his control and set up, and was engaged in carrying on the business of a distiller, and did then and there change and alter the stamps, marks, and brands on certain casks and packages containing distilled spirits, and did put into certain casks and packages spirits of greater strength than was indicated by the inspection mark thereon, and did fraudulently use casks and packages having inspection marks and stamps thereon, for the purpose of selling other spirits, and spirits of different quantity and quality from the spirits previously inspected therein, and then and there attempted to defraud, and did defraud, the United States of the tax on the spirits distilled by him." Under a monition and attachment the marshal arrested the property and gave the notice required by law. Coffey filed a claim to all the property as owner, and all of it except the apple brandy was released to him on a bond. He answered the information, admitting the seizure, and denying the other allegations, except that as to his having under his control and set up the property in that behalf alleged. The notice published stated that the property was seized for a violation of Rev. Stat. §§ 3257 and 3326.

Afterwards, an amended information was filed, by leave of the court. It stated that the attorney of the United States

" amends his information herein, and gives the said judges further to know," that Coffey·was engaged in carrying on the business of a distiller, and did "defraud, and attempt to de- fraud, the United States of the tax on part of the spirits distilled by him," and that the said distillery and distillery ap- paratus were used by him, and that the said 22 barrels and 2 pieces of barrels of apple brandy, to wit, distilled spirits, were found on his distillery premises. It stated, in a second count, that the said distilled spirits were subject to a tax imposed by law, which had not been paid, and were found in the posses- sion, custody and control of said Coffey for the purpose of being removed and sold by him in fraud of the internal revenue laws, and with design of avoiding the payment of said tax. It stated, in a third count, that said Coffey was an authorized dis- tiller, and did "knowingly and wilfully omit, neglect and re- fuse to do or cause to be done certain things required of him by law in the carrying on and conducting of his said business, to wit, did knowingly and wilfully omit, neglect and refuse to stamp and brand, and cause and require to be stamped and branded, as required by law, a large number, to wit, two cer- tain packages of distilled spirits, containing more than twenty gallons each, before removing the same from the warehouse where the same were stored and deposited, and before selling and disposing of the same, and did sell and dispose of and re- move from said warehouse the said spirits before the tax had been paid thereon or the said packages had been properly branded and stamped," and that he owned and was interested in the said 22 barrels and 2 pieces of barrels of distilled spirits.

The claimant demurred to the first count in the amended information, as insufficient in law and fact. He demurred to the second count, as presenting no cause of forfeiture of either the distillery or distilled spirits, and as insufficient in law. He demurred to the third count, as insufficient in law and not au- thorized, because a specific penalty other than forfeiture is pro- vided for the act therein charged, to wit, in section 3296 of the Revised Statutes. The court overruled the demurrers.

The claimant then answered the amended information, deny- ing the allegations of the first count; denying the allegations

of the second count, except the one that the distilled spirits seized were subject to a tax imposed by law, which tax had not been paid; and denying the allegations of the third count, except the one as to the ownership of the distilled spirits seized.

There was a trial by a jury in October, 1881, in which the jury failed to agree on a verdict. The claimant then filed an amendment to his answer, as follows: "The claimant, John W. Coffey, amends his answer herein to the information and amendments thereto, and states that the custody, possession, and control of the articles or objects on which a tax was by law imposed, and complained of in the information of plaintiffs, and found in his possession, to wit, twenty-two barrels (22) and two pieces of barrels of brandy, distilled spirits, and charged to have been in his possession for the purpose of selling the same in fraud of the internal revenue laws, and with design to avoid the payment of the taxes thereon, or sold or removed by him in fraud of the internal revenue laws, and the various assignments of breaches and violations of law now considered, are the same goods and wares and objects, or commodities and distilled spirits. named and set out in an information filed against him, the said John W. Coffey, at the February term of this court, 1881, and prior to the filing of the information herein. That all of the said twenty-two barrels and two pieces of barrels of brandy, distilled spirits, found in his custody, control, and possession, are the same found in his control and possession, prior to the information filed against him at the February term, 1881, of this court, and that all the acts complained of in plaintiffs' information herein might have been established, if said allegations be true, under the said information, either upon the counts in said information based upon sections 3450 or 3452 or 3257. That all the evidence which would be necessary to establish, and competent under, the various assignments of breaches and of intended frauds in plaintiffs' information herein, would be competent under and would tend to establish the allegations of said information at said February term, 1881. That the various assignments [of] frauds and attempts or intents to defraud the United States of the tax imposed upon said distilled spirits, to wit, the 22 barrels and two pieces of barrels

of apple brandy, relate to the same subject-matter and are based upon the same transaction as the various allegations in said information at the February term, 1881, contained, so far as they relate to offences under sections 3452, 3453, and 3257, or either of them, and that at the time when the said information at the February term, 1881, was drawn, considered, and presented by the attorney for the United States, all the facts which would be competent to sustain the allegations of plaintiffs' information herein were known to and within the possession of the representatives of the United States. And the claimant, John W. Coffey, says that the United States ought not to maintain this action for the penalty, punishment, and forfeiture, or either of them, claimed in sections 3450, 3453, 3457, or 3257, for, at the February term, 1881, an information was found, as recited above, in the district of Kentucky, at Louisville, and in this court, against this claimant, John W. Coffey, the claimant named herein, the counts of said information alleging that he had in his possession a large quantity of distilled spirits upon which a tax was by law imposed, and had not then been paid, with intent to defraud, or for the purpose of defrauding, the United States of the tax thereon, and with design to avoid the payment of the tax thereon, on a part of said spirits, or on the spirits so in his possession. That at said term of said court the defendant plead guilty to the charges and counts in said information, and was adjudged and sentenced to pay a fine of five hundred dollars ($500), which judgment was the full penalty and punishment for the violations of law imposed on him for the alleged offences charged in said information, which were the same violations and charges, offences, and allegations of fraud, design to avoid the payment of the taxes due and imposed on said spirits, and allegations of intent to sell the same in fraud of the internal revenue laws of the United States, and he pleads and relies on the facts herein set forth as a bar to plaintiffs' claim herein, and asks the same to be dismissed, with all proper relief, &c."

Four months after this amendment to this answer was filed, the case was tried by a jury, which rendered a general verdict for the plaintiffs. The claimant thereupon moved for a judg-

ment, notwithstanding the verdict, and at a later day moved to set aside the verdict and in arrest of judgment, on these grounds: "(1) The verdict is not authorized by law and the facts in the case. (2) Because the defendant has been tried for the same offence herein charged, in a former proceeding, a criminal information, and this court has no jurisdiction in forfeitures. (3) That the information itself is insufficient in law to sustain the action." The court overruled the motions, and entered a judgment condemning as forfeited the property attached, " for the reasons and causes in the information and amended information specified," and awarding costs against the claimant. To reverse this judgment the claimant sued out a writ of error.

*Mr. Gabriel C. Wharton, Mr. Samuel McKee,* and *Mr. T. T. Wharton* for plaintiff in error submitted on their brief.

*Mr. Assistant Attorney-General Maury* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court. After stating the facts in the language reported above, he continued:

There is no bill of exceptions in the record, and no exception to the overruling of the motions; but the questions arising on the demurrers to the counts of the amended information, and the question as to the jurisdiction of the Circuit Court, are open for consideration.

The objection to the jurisdiction is not well taken. By § 629 of the Revised Statutes, subd. 4, original jurisdiction is given to the Circuit Courts " of all causes arising under any law providing internal revenue." In Title XXXV. of the Revised Statutes, concerning " Internal Revenue," § 3213 provides that " all suits for fines, penalties and forfeitures, where not otherwise provided for, shall be brought in the name of the United States, in any proper form of action, or by any appropriate form of proceeding, *qui tam* or otherwise, before any Circuit or District Court of the United States, for the district within which said fine, penalty or forfeiture may have been incurred, or before

any other court of competent jurisdiction." By § 563, subd. 1, jurisdiction is given to the District Courts " of all suits for penalties and forfeitures incurred under any law of the United States." By subd. 8 of § 563 jurisdiction is given to the District Courts of all seizures on land and it is enacted that such jurisdiction shall be exclusive, except in the particular cases where jurisdiction of such seizures is given to the Circuit Courts. By subd. 4 of § 629, jurisdiction is denied to the Circuit Courts of suits for penalties and forfeitures arising under any act providing for revenue from imports and tonnage; but they have it in suits for penalties and forfeitures arising under the internal revenue laws.

Although, in practice, suits *in rem* for forfeitures for violations of the internal revenue laws are more frequently brought in the District Courts, yet cases are to be found of such suits originally brought in the Circuit Courts, where jurisdiction was taken and was not questioned. Such cases are *United States* v. *Two Tons of Coal, &c.,* 5 Blatchford, 386, in the Eastern District of New York, in 1867, before Judge Benedict; *United States* v. *One Still, &c.,* 5 Blatchford, 403, and *United States* v. 508 *Barrels of Distilled Spirits,* 5 Blatchford, 407, and *United States* v. 6 *Barrels of Distilled Spirits,* 5 Blatchford, 542, in the same district in 1867, before Mr. Justice Nelson and Judge Benedict; *United States* v. 7 *Barrels of Distilled Oil, &c.,* 6 Blatchford, 174, in the same district, in 1867, before Judge Benedict; and *United States* v. 200 *Barrels of Whiskey,* 2 Woods, 54, in the District of Louisiana, in 1874, before Mr. Justice Woods, then Circuit Judge. Like jurisdiction of a suit *in personam* for a violation of the internal revenue laws was taken in 1877, by the Circuit Court for the Eastern District of Missouri, held by Mr. Justice Miller and Judge Dillon, in *United States* v. *McKee,* 4 Dillon, 128.

It has been adjudged by this court, that informations under the revenue laws for the forfeiture of goods, which seek no judgment of fine or imprisonment against any person, though civil actions and not strictly criminal cases, are so far in the nature of criminal proceedings as to come within the rule, that a general verdict, upon several counts, seeking in different

forms one object, must be upheld if one count is good. *Clifton* v. *United States*, 4 How. 242, 250; *Snyder* v. *United States*, 112 U. S. 216.

In this case, the first count in the amended information is good. It is founded on § 3257 of the Revised Statutes, which provides as follows: "Whenever any person engaged in carrying on the business of a distiller defrauds or attempts to defraud the United States of the tax on the spirits distilled by him, or of any part thereof, he shall forfeit the distillery and distilling apparatus used by him, and all distilled spirits . . . found in the distillery and on the distillery premises, and shall be fined not less than five hundred dollars nor more than five thousand dollars, and be imprisoned not less than six months nor more than three years." The counts of the amended information are amendments of and additions to the original information, and the allegations of the latter as to the seizure of the property, on land, by the deputy collector, and as to the fact of forfeiture, and the prayer for process, and for a decree of forfeiture, form part of the amended information and apply to the counts therein. The language of the first count of the amended information follows that of § 3257, and is, we think, sufficient, against the general objection taken by the demurrer, that it is insufficient. In *United States* v. *Simmons*, 96 U. S. 360, an indictment founded on § 3281 of the Revised Statutes, alleged that the defendant "did knowingly and unlawfully engage in and carry on the business of a distiller, within the intent and meaning of the internal revenue laws of the United States, with the intent to defraud the United States of the tax on the spirits distilled by him, against the peace," &c. Section 3281 provides that every person who engages in or carries on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him, shall be fined and imprisoned. This court held that the indictment was sufficient to authorize judgment, and that it was not necessary to state the particular means by which the United States were to be defrauded of the tax. So, in this case, it was not necessary, under § 3257, to set forth the particular means by which the claimant defrauded and attempted to

defraud the United States of the tax, or to specify the particular spirits covered by the tax.   The first count of the amended information is in substantial compliance with Rule 22 of the Rules in Admiralty.   That Rule prescribes regulations for the form of informations and libels of information on seizures for the breach of the laws of the United States on land or water; and the general rules of pleading in regard to Admiralty suits *in rem* apply to a suit *in rem* for a forfeiture, brought by the United States, after a seizure on land.   *The Sarah,* 8 Wheat. 391; *Union Ins. Co.* v. *United States,* 6 Wall. 759, 765; *Armstrong's Foundry,* 6 Wall. 766, 769; *Morris' Cotton,* 8 Wall. 507, 511.   It was not necessary to aver, in the information, that the distilled spirits found on the claimant's distillery premises, and seized, were distilled by him, or were the product of his distillery, or that the distillery apparatus was wrongfully used; because § 3257 does not make these facts elements of the causes of forfeiture denounced by it.   The only necessary elements are, that the person shall be engaged in carrying on the business of a distiller, and that he shall defraud, or attempt to defraud, the United States of the tax on the spirits distilled by him.   The answer admits that the claimant owned the property seized.

As to the plea of a former conviction, the proceedings being kindred to those in a suit in Admirality *in rem,* so far as the pleadings are concerned, no reply or replication to the answer was necessary to raise an issue of fact on the matters averred in it.   New matter in an answer is considered as denied by the libellant.   Rule 51, in Admiralty.   The issue of fact as to the former conviction must be held to have been found against the claimant, by the general verdict; and no question in regard to the defence set up can be raised, in the absence of a demurrer to the answer, and of a bill of exceptions raising specific questions.

*Judgment affirmed.*