## UNITED STATES v. PREMISES AT 1707–9 AND 1715 ST. MARKS AVENUE, IN COUNTY OF KINGS, STATE OF NEW YORK, etc.

### No. C–2594.

District Court, E. D. New York.

Jan. 7, 1932.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (George H. Bragdon, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Morris E. Packer, of Brooklyn, N. Y., for claimant, Harris Folb.

C. Elmer Spedick, of Brooklyn, N. Y., for Title Guarantee and Trust Co.

MOSCOWITZ, District Judge.

This case was tried before the court without a jury, a jury trial having been waived.

This is an action in rem for the forfeiture of certain personal property located at the premises 1707–15 St. Marks avenue, Brooklyn, N. Y., as well as the real estate where said personal property was located, to wit, premises 1707–15 St. Marks avenue, Brooklyn, N. Y., for alleged violations of sections 261, 281, 284, and 306 of title 26 United States Code (26 USCA §§ 261, 281, 284 and 306), which sections read as follows:

"§ 261. *Distiller defrauding or attempting to defraud United States of tax.* Whenever any person engaged in carrying on the business of a distiller defrauds or attempts to defraud the United States of the tax on the spirits distilled by him, or of any part thereof, he shall forfeit the distillery and distilling apparatus used by him, and all distilled spirits and all raw materials for the production of distilled spirits found in the distillery and on the distillery premises, and shall be fined not less than $500 nor more than $5,000, and be imprisoned not less than six months nor more than three years. (R. S. § 3257.)"

"§ 281. *Registry of stills and apparatus.* Every person having in his possession or custody, or under his control, any still or distilling apparatus set up, shall register the same with the collector of the district in which it is, by subscribing and filing with him duplicate statements, in writing, setting forth the particular place where such still or distilling apparatus is set up, the kind of still and its cubic contents, the owner thereof, his place of residence, and the purpose for which said still or distilling apparatus has been or is intended to be used; one of which statements shall be retained and preserved by the collector, and the other transmitted by him to the Commissioner of Internal Revenue. Stills and distilling apparatus shall be registered immediately upon their being set up. Every still or distilling apparatus not so registered, together with all personal property in the possession or custody, or under the control of such person, and found in the building, or in any yard or inclosure connected with the building in which the same may be set up, shall be forfeited. And every person having in his possession or custody, or under his control, any still or distilling apparatus set up which is not so registered, shall pay a penalty of $500, and shall be fined not less than $100,

nor more than $1,000, and imprisoned for not less than one month, nor more than two years. (R. S. § 3258.)"

"§ 284. *Bond of distiller.* Every person intending to commence or to continue the business of a distiller shall, on filing with the collector his notice of such intention, and before proceeding with such business, and on the 1st day of May of each succeeding year, execute a bond in the form prescribed by the Commissioner of Internal Revenue, conditioned that he shall faithfully comply with all the provisions of law relating to the duties and business of distillers, and shall pay all penalties incurred or fines imposed on him for a violation of any of the said provisions; and that he shall not suffer the lot or tract of land on which the distillery stands, or any part thereof, or any of the distilling apparatus, to be incumbered by mortgage, judgment, or other lien, during the time in which he shall carry on said business. Said bond shall be with at least two sureties, approved by the collector of the district, and for a penal sum not less than the amount of tax on the spirits that can be distilled in his distillery during a period of fifteen days. But in no case shall the bond exceed the sum of $100,000. The collector may refuse to approve said bond when, in his judgment, the situation of the distillery is such as would enable the distiller to defraud the United States; and in case of such refusal the distiller may appeal to the Commissioner of Internal Revenue, whose decision in the matter shall be final. A new bond shall be required in case of the death, insolvency, or removal of either of the sureties, and may be required in any other contingency at the discretion of the collector or Commissioner of Internal Revenue. Every person who fails or refuses to give the bond hereinbefore required, or to renew the same, or who gives any false, forged, or fraudulent bond, shall forfeit the distillery, distilling apparatus, and all real estate and premises connected therewith, and shall be fined not less than $500 nor more than $5,000 and imprisoned not less than six months nor more than two years. (R. S. § 3260.)"

"§ 306. *Carrying on distillery without giving bond, and so forth; penalty; forfeitures.* Any person who shall carry on the business of a distiller without having given bond as required by law, or who shall engage in or carry on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him, or any part thereof, shall, for every such offense be fined not less than $100 nor more than $5,000

and imprisoned not less than thirty days nor more than two years. And all distilled spirits or wines, and all stills or other apparatus, fit or intending to be used for the distillation of spirits, or for the compounding of liquors, owned by such person, wherever found, and all distilled spirits or wines and personal property found in the distillery or in any building, room, yard, or inclosures connected therewith, and used with or constituting a part of the premises; and all the right, title, and interest of such person in the lot or tract of land on which such distillery is situated, and all right, title, and interest therein of every person who knowingly has suffered or permitted the business of a distiller to be there carried on, or has connived at the same; and all personal property owned by or in possession of any person who has permitted or suffered any building, yard, or inclosure, or any part thereof, to be used for purposes of ingress or egress to or from such distillery which shall be found in any such building, yard, or inclosure, and all the right, title, and interest of every person in any premises used for ingress or egress to or from such distillery, who has knowingly suffered or permitted such premises to be used for such ingress or egress, shall be forfeited to the United States. (R. S. § 3281; Feb. 8, 1875, c. 36, § 16, 18 Stat. 310)."

It was conceded that the premises at the time of the seizure were, and had been for some time prior thereto, operated in violation of the law. At the time of the seizure three unregistered stills had been set up and were being operated in the brick dwelling in the rear of 1715 St. Marks avenue, where there were also found sixteen vats filled with alcoholic mash, several hundred gallons of distilled products, a quantity of sugar to be used in the distillation of spirits, and other personal property consisting of supplies and equipment.

Liquor was manufactured by means of stills which were operated by heat supplied from a boiler located in a building adjoining 1715 St. Marks avenue, and being at the rear of premises 1707–13 St. Marks avenue. This boiler also supplied power to a bottling works adjoining the building in which the boiler is located and also in the rear of the lot 1707–13 St. Marks avenue. In the bottling works there was found a large quantity of high-powered beer or ale which, apparently, was brought in the building in kegs and was being bottled thereat, and in the adjoining building and towards the front and also in the building at the front of 1707 St. Marks avenue,

were found several gallons of distilled spirits, and also a quantity of labels and supplies, and some personal property including household goods and personal effects.

The entire premises were covered by a system of wiring, the purpose of which was to give warning to persons working in the premises. None of these stills had been registered; no bonds were given as required by law, and no taxes had been paid on the distilled spirits.

■ The personal property and real estate were seized by the libelant on August 16, 1930. At that time said premises were subject to mortgages, all of which are declared to be valid liens, except the mortgage of Harris Folb in the sum of $18,750. The government concedes that none of these mortgages, except the one held by Folb, can be affected by this forfeiture proceeding. Mortgages covering property where such violations of the law are committed without the knowledge or consent of the mortgagees and without their permission, consent, or connivance thereat, are valid as against the United States, and the judgment of forfeiture cannot affect said mortgages. In the case of United States v. Joseph Stowell et al., 133 U. S. 1, 10 S. Ct. 244, 248, 33 L. Ed. 555, the court decided: " * * * It being admitted that the business of a distiller was not carried on with the mortgagee's permission or connivance, and that he did not even know, until after the seizure, that a still had been set up on the premises, it follows, for the reasons already stated in discussing the construction and effect of the statutes in question, that the mortgage is valid as against the United States, and that, so far as concerns the real estate, the judgment of condemnation must be against the equity of redemption only. * * * In that view, even if they, or some of them, would be trade fixtures as between landlord and tenant, yet, while annexed to the land, they were real estate, and covered by the mortgage. Kutter v. Smith, 69 U. S. (2 Wall.) 491 [17 L. Ed. 830]; Freeman v. Dawson, 110 U. S. 264, 270, 4 S. Ct. 94 [28 L. Ed. 141, 143]; Winslow v. Merchants' Ins. Co., 4 Metc. [Mass.] 306 [38 Am. Dec. 368]; Bliss v. Whitney, 9 Allen [Mass.] 114 [85 Am. Dec. 745]."

Section 306 of title 26, United States Code (26 USCA § 306), forfeits only "all right, title, and interest therein of every person who knowingly has suffered or permitted the business of a distiller to be there carried on, or has connived at the same."

The record is clear that none of said mortgagees, except Folb, knew that said violations of the law were taking place in said premises.

At the time of the seizure Harris Folb was the owner of record of the real estate 1707–13 St. Marks avenue. He was also the owner of record of part of the premises 1715 St. Marks avenue, and the holder of a mortgage in the sum of $18,750 executed by Andrew Morrison on the remainder of the premises 1715 St. Marks avenue, being the brick building in the rear of 1715 St. Marks avenue. Andrew Morrison became the owner of record of the property covered by the mortgage of $18,750 held by Folb, pursuant to a deed of conveyance from Harris Folb and Sarah Folb, his wife, which deed was dated the 27th day of June, 1930, and recorded in the office of the register of the county of Kings, state of New York, on the 2d day of July, 1930.

■ Real estate upon which a distillery is being operated with the knowledge or consent of the owner is subject to forfeiture, and likewise any personal property used in connection therewith found in any distillery or any building or premises connected with the distillery is subject to forfeiture. Waterloo Distilling Corporation et al. v. United States (Various Items of Personal Property v. United States), 282 U. S. 577, 51 S. Ct. 282, 75 L. Ed. 558; Coffey v. United States, 116 U. S. 427, 435, 6 S. Ct. 432, 29 L. Ed. 681.

■■ The testimony of Folb is contradictory and unreliable, whether it is due to his mental condition, his lack of memory, or willful disregard of the truth has made it difficult to determine the issue of fact. Folb admits that up to 1928 he and his sons were engaged in the bottling business at said premises where the distillery was afterwards seized, and that on or about that date he gave up this business and removed from premises 1707 St. Marks avenue where he resided, and that he had no knowledge thereafter concerning the use to which said premises were put.

Folb testified that he was the owner of all of the premises shown in the photograph, Exhibit No. 53, being the premises in question. However, on cross-examination his attention was called to the alleged sale by him of premises 1715 St. Marks avenue to Andrew Morrison and to the record indicating that he held a mortgage in the sum of $18,750 executed by Morrison covering said property 1715 St. Marks avenue. He then admitted that he had sold the property. He also stated that he did not know Andrew Morrison. Morrison has not appeared in this proceed-

ing; his rights, if any, in the property are subject to forfeiture.

At the time of the seizure certain clothing and other personal property of Folb were found at premises 1707 St. Marks avenue, and there was a signboard over the gateway leading to the premises bearing the names of "H. Folb & Sons." There were three large stills upon the premises having a total capacity of 8,500 gallons. These stills were unregistered. William Folb pleaded guilty to that charge. He also pleaded guilty to the manufacture of liquor, possession of liquor, and maintenance of a common nuisance at said premises. Herman Folb plead guilty to the possession of liquor at said premises.

The facts are convincing that the distillery was operated with the knowledge, consent, and approval of Harris Folb. No consideration has been shown for the mortgage of $18,750 held by Folb. However, assuming that the mortgage made by Morrison to Folb was given for a valuable consideration, it is forfeitable to the government for the reason that the operation of the distillery was with Folb's knowledge and approval.

Counsel for Folb argues that the statutes relating to unregistered stills were enacted shortly after the Civil War, and were devised and intended for the protection of the revenues of the United States to be derived from the distilling business.

These statutes have not been repealed. Whether or not they should be repealed is not a question for the court, but for Congress. The court's clear duty is to enforce the law which requires the forfeiture of the real and personal property. Waterloo Distilling Corporation et al. v. United States, supra.

Decree for libelant.

Settle findings and decree on notice.