## UNITED STATES v. ONE FORD V-8 TRUCK, 1934 MODEL MOTOR NO. 1008663, etc.

### No. 13853.

District Court, W. D. Washington, N. D.

May 18, 1938.

J. Charles Dennis, U. S. Atty., and G. D. Hile, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

Ryan, Askren & Ryan, of Seattle, Wash., for libelee.

NETERER, District Judge.

The right to remission or mitigation is governed by 27 U.S.C.A. § 40a (b). Subdivision (b) provides, "conditions precedent to remission or mitigation. In any such proceeding the court shall *not allow* the claim of any claimant for remission or mitigation unless and until he proves (1) that he *has* an *interest* in such *vehicle* * * * as owner or otherwise, which he acquired in good faith * * *". (Italics supplied.)

On failure to produce the vehicle the court at trial entered a decree of forfeiture of the bond pursuant to subdivision (d), § 40a, supra, and the bond thereupon became *functus officio*. There is no provision for relief from the decree of forfeiture. Relief from any decree may be had only by procedure provided by the Congress under section 40a, supra, which provides not remission or mitigation from operation of the decree of forfeiture of the bond, but only if claimant *proves* it *has* an *interest* in the *vehicle* which he acquired in good faith. The forfeiture is clearly a proceeding in rem. Coffey v. U. S., 116 U.S. 427, 6 S.Ct. 432, 29 L.Ed. 681. See, also, Hammel v. Little, 66 App.D.C. 356, 87 F.2d 907, at page 911. The truck offended and no

one not having an interest in the vehicle may seek mitigation or remission. The privilege given by subdivision (b), § 40a, supra, is analogous to the rights in rem proceeding in admiralty and interest in the thing must be shown, The Cartona, 2 Cir., 297 F. 827. A stipulator has no right in admiralty to intervene, The Lydia, 2 Cir., 1 F.2d 18, and by the same token the claimants here are without right. The interest must be in the *vehicle*. The R. W. Skillinger, D. C., 21 Fed.Cas. p. 102, No. 12,181; The Henry Ewbank, C.C.Mass., 11 Fed. Cas. p. 1166, No. 6,376, opinion by Judge Story; The Revenue Cutter No. 1, D.C., 20 Fed.Cas. p. 560, No. 11,713.

The cases cited by claimants are not in point. U. S. v. Sylvester, D. C., 273 F. 253; U. S. v. Ryan, 284 U.S. 167, 52 S.Ct. 65, 76 L.Ed. 224; Wilson Motor Co. v. U. S., 9 Cir., 84 F.2d 630; C. I. T. Corporation v. U. S., 4 Cir., 89 F.2d 977.

The statute is liberally construed, only when a claimant comes within its provision. De Gooyer v. Northwest Trust & State Bank, 130 Wash. 652, 228 P. 835, affirmed on rehearing en banc. 132 Wash. 699, 232 P. 695. Nor have claimants shown any diligence in inquiring of the reputation or character of the purchaser of the car in whose possession it offended. U. S. v. One 1936 Studebaker Sedan, D. C., 21 F. Supp. 499. This memorandum will be considered the court's findings of fact and conclusions of law.

The petition for mitigation is denied.