## UNITED STATES v. ONE 1940 FORD DE LUXE COUPE, MOTOR NO. 5333343.

### No. 235–a.

District Court, D. New Jersey.

Nov. 23, 1942.

Charles M. Phillips, of Trenton, N. J., and Vincent E. Hull and Samuel Cohen, both of Newark, N. J., for the Government.

Philip Barbash, of Jersey City, N. J., of First Nat. Acceptance Corporation, for claimant.

MEANEY, District Judge.

The question to be determined in this matter is whether when there has been a remission after a decree of forfeiture of an automobile under the internal revenue laws, storage costs incurred by Government agents constitute an integral part of expenses incident to seizure and forfeiture such as are required to be paid before return of the automobile to a claimant entitled to such return.

Title 18, U.S.C.A. § 646 (c) provides, among other things, as follows: "Such return shall be made only upon payment of all expenses incident to the seizure and forfeiture incurred by the United States."

In the present case, the vehicle was seized by agents of the internal revenue on March 3, 1941. On or about April 18, 1941 a libel was filed by the United States Attorney to which the claimant filed answer on May 12, 1941. On July 18, 1941 an amended libel consented to by claimant was filed and was answered on August 8, 1941. The case was noticed for trial at the November term, and was finally set down for trial on May 1, 1942. It was adjourned due to illness of claimant's attorney and was finally heard on September 16, 1942, at which time a forfeiture was decreed and the claimant's petition for remission of the forfeiture was allowed. It would seem that under all the circumstances there was no undue delay in either filing of the libel or bringing the case to trial.

The sole question to be answered at this time is whether storage costs are included in the language of the Code (cit. supra). That the seizure was well founded would appear from the decree of forfeiture and therefore it may be well to examine into the situation which obtained when the vehicle came into the hands of government agents. Certainly there was incumbent on them the duty of preserving the vehicle so that "when restoration is to be made, the conditions prevailing at the time of seizure should govern, so far as that result can be legally accomplished". United States v. One Dodge Coach, D.C., 22 F.Supp. 204, 205. It can hardly be seriously contended that the custodian of the car would be justified in doing other than provide such minimum of care to produce that result as would protect it at least from damage by the elements. It would seem, therefore, that such charges as were incurred in storing the vehicle were necessarily incident to the duty which the marshal had to conserve the material in his custody. There would seem to be no good reason for burdening the government with expenses necessarily and legitimately caused in conserving the property in which the claimant had so definite an interest. The vehicle, seized while in use for the performance of an illegal act, was properly taken into custody of agents of law enforcement. In the premises, as between the government, engaged in the enforcement of law, and the claimant protecting such property rights as he may have in the vehicle, subordinate as those rights are to the requirements of law, the conclusion must be arrived at that it was the intent of the act that the words "all expenses" should include expenses incident to the protection of the vehicle, such as proper garage charges, as well as filing fees, newspaper advertisements, etc.

[4] There is the further consideration that in accordance with the terms of Title 18, Section 646 (d), the claimant upon establishing his right to immediate possession thereof, might have secured the seized vehicle upon delivery of an appropriate bond. The exercise of this prerogative would have obviated the necessity for storage of the automobile with the attendant charges for same.

Let an order be settled.