**UNITED STATES v. ONE 1937 CHEVROLET ONE-TON AUTOMOBILE TRUCK, MOTOR NO. 590207 (CHATTANOOGA ICE DELIVERY CO., Intervenor).**

No. 757.

District Court, E. D. Tennessee, S. D.

Aug. 28, 1946.

460

Whitaker, Hall, Haynes & Allison, of Chattanooga, Tenn., for intervenor.

James B. Frazier, Jr., U. S. Atty., of Chattanooga, Tenn., for United States.

DARR, District Judge.

The intervenor has a motion to retax and strike the following item of cost allowed by the clerk: Attorney's Docket Fee—$10.

This is a libel proceedings under the Internal Revenue Laws. Applying the law as codified at § 646, Title 18 U.S.C.A., the Court awarded the automobile involved to the intervenor. In accord with Subsection (c) of said Section 646, all expenses incident to the forfeiture were charged against the intervenor. The provision of Subsection (c) is: "Such return shall be made only upon payment of all expenses incident to the seizure and forfeiture incurred by the United States."

Section 571, Title 28 U.S.C.A., provides that certain fees and no other shall be taxed and allowed to District Attorneys and others, and the following section (§ 572) provides for the amount of these attorney's docket fees, which in an admiralty case is $20 and in a judgment at law without a jury is $10.

The United States District Attorneys are on salary and, by proper legislation, fees formerly payable to them now go to the United States Treasury. The attorney"s docket fees allowed District Attorneys are chargeable in criminal and other cases where the District Attorney appears on behalf of the United States. There appears no reason why such charge is not proper in libel proceedings under the Internal Revenue Laws.

The United States was the successful litigant in this case, and the costs are chargeable to the forfeiture proceedings. The intervenor's award was a matter of grace. A condition thereof was the payment of all expenses incurred by the United States. Very plainly the employment of an attorney to prosecute the forfeiture action was an expense incurred. Therefore, the charge of an attorney's docket fee under such circumstances was proper. Cf. United States v. One 1940 Ford De Luxe Coupe, Motor No. 5333343, D.C., 47 F.Supp. 718.

While the matter is before me I think I should make an announcement as to the amount to be charged as attorney's docket fee, which is dependent on whether the case is one in admiralty or at law.

The Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3723, provides that "The proceedings to enforce such forfeitures shall be in the nature of a proceeding in rem * * *." It appears that the general rule of pleadings in these cases is similar to that in regard to admiralty suits in rem. Coffey v. United States, 116 U.S. 427, 435, 6 S.Ct. 432, 436, 29 L.Ed. 681. In another case the Supreme Court has said that such forfeiture proceedings have "the character of a law action." Four Hundred and Forty-Three Cans of Frozen Egg Product v. United States, 226 U.S. 172, 183, 33 S.Ct. 50, 53, 57 L.Ed. 174.

While a libel proceedings under the Internal Revenue Laws is a statutory proceedings which is distinctly sui generis and admiralty rules of pleadings generally apply, the suit is really a law action. Being an action at law, the assessment of an attorney's docket fee of $10 is proper.

The motion to retax the costs is overruled.