**SANTOS v. UNITED STATES.**

No. 12127.

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1948.

Rehearing Denied Jan. 17, 1949.

Jeremiah Ingles Rhodes, of Eagle Pass, Tex., for appellant.

H. W. Moursund U. S. Atty., of San Antonio, Tex., for appellee.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought under Secs. 401, 402 et seq., Title 22, and under Sec. 701, Title 50 U.S.C.A. Appendix, and the Proclamations,

Executive Orders, and Regulations made pursuant thereto, the libel was for forfeiture of a truck "being, and intended to be, exported or shipped from, or taken out of the United States in violation of law".

The case was tried on a stipulation of some of the facts, and an agreement as to what, if present, the inspector who made the seizure and the owner would testify.

The government objected to the relevancy of the testimony of the claimant as to his intention to take the vehicle over for only a temporary use and return it. There followed a colloquy in which claimant's counsel admitted: that it was the intention of his client to take the car over temporarily to visit a sick sister-in-law, and return the next day; that he did not intend to take the car into Mexico permanently without obtaining a permit; that he was not aware that a temporary crossing in the truck, such as he contemplated, required a license; and that upon being informed that it did, he left the truck at the bridge. Then this followed:

The Court: "I am asking you whether or not you are admitting that it is true that your client intended to take the truck into Mexico."

Mr. Rhodes: "He intended to take the truck across the river for the purpose as stated there. * * *"

The Court: "Then the only issue between you gentlemen, I take it, is as to the admissibility of your client's testimony as to why he was taking it."

Mr. Rhodes: "I think so."

Whereupon the court gave judgment for a forfeiture.

Claimant is here making three contentions, one is procedural, two go to the merits. The procedural one is that the warrant for further detention of the truck was not filed by the proper person. Of the two to the merits, the first is that the question of the intent of the owner of the truck to take it out only if the taking was lawful was an issue in the cause, and it was error not to consider and determine it. The second is that if there was an intent to take the truck out, not for a business use but only for a temporary taking out and return under the emergency, this would not be a violation of the law.

We think it too clear to require discussion that the procedural point is not well taken.

■ Upon the second point, that the intention with which he brought the car to the bridge was an issue in the case, we think it clear that claimant is right in his insistence that it was an issue. If he brought it there intending to take it out only if he found he could legally do so, and not intending to if he could not do it legally, the truck could not be forfeited.[1]

Appellee, however, urges upon us that this contention finds no support in the evidence, that it is not a real but a theoretical one. It insists: that the evidence does not show that appellant would have so testified; that, taken together with the colloquy, it shows that his proffered testimony was merely that he was intending to cross the bridge temporarily because he thought that was legal, but was intending before taking it across permanently to find out if a license was needed.

■ There is much to be said for this view, but not enough to require the holding as matter of law that the evidence did not present the issue of whether the intention to take the truck out even temporarily was a qualified one, to be carried out only if inquiry disclosed that such taking out was legal.

■ Further, as to the point directly ruled by the district judge, that the evidence, that the truck if taken would have been taken only under the emergency of a sick call and not for use in Mexico, was immaterial we cannot agree. We are pointed to no provision in the statute or in any regulation so declaring. The provision for forfeiture is a harsh one, and in the absence of a definite declaration to that effect, we do not believe that an emergency use of the kind testified to here would constitute an export of the truck or a violation of the invoked statutes and

---

[1] One Plymouth Automobile v. United States, 5 Cir., 165 F.2d 186.

922

regulations. Of course, the validity of such a defense would depend upon its genuineness and truth, and in any case where such defense is put up, to avoid the forfeiture, the burden would be upon the claimant to clearly and unequivocally make out the defense.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.