**WARE'S CUT RATE LIQUOR STORE et al., and C. D. HOLT, t/a Ware's Cut Rate Liquor Store,**
v.
**UNITED STATES of America.**
No. 15439.

United States Court of Appeals
Fifth Circuit.
June 30, 1955.

Whitfield Jack, Shreveport, La., for appellants. Booth, Lockard, Jack & Pleasant, Shreveport, La., of counsel.

E. V. Boagni, Asst. U. S. Atty., T. Fitzhugh Wilson, U. S. Atty., Shreveport, La., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

Appealing from orders denying, for the reasons set out in the opinion and judgment,[1] their motions to quash search warrants, obtain the return of property,

---

1. "Ruling on Motion to Quash Search Warrant and Affidavit, to Suppress as Evidence and to return Property·

"Looking at the entire affidavit, upon which the search warrant was issued herein, and not treating it—as movant's counsel would have us to—as dismembered segments, we find that the Commissioner, acting as a reasonable man, had ample justification to conclude that the alleged violations had occurred, and were occurring. There was entirely adequate 'probable cause'.

"The facts shown in the affidavit need not be sufficient to convict. The statements denominated as 'hearsay' by movant's counsel, while not admissible in a trial, are valid for the purposes of a search warrant affidavit, especially since they constituted official information, officially obtained. Surely it is not necessary that law enforcement officers personally examine distant official records in cases such as this. To require that would be to hamper unduly their lawful operations, especially when speedy action is required to serve the ends of enforcement processes.

"On the authority of Brinegar v. U. S., 338 U.S. 160, 174, 175, 69 S.Ct. 1302, 93 L.Ed. 1879, and Washington v. U. S., 92 U.S.App.D.C. 31, 202 F.2d 214, the motion to quash the search warrant and the affidavit upon which it was issued, and the motion to suppress as evidence the property seized pursuant to the search, must be DENIED.

"Since the property seized obviously is not needed by the Government as evidence, we would order it returned to its lawful owner but for the fact that the Government today has filed a libel of information, civilly seeking its forfeiture, pursuant to which the property has been ordered seized and taken into the custody of the Court.

"Therefore, such an order properly may not be issued. The merits of the Government's right to effect this will be determined in due course according to law."

"Filed Dec. 23, 1954."

"*Judgment*"

"For reasons signed in writing and filed on 23 December, 1954, the demands of the Movers, C. D. Holt and W. T. Price, Jr. are denied."

"27 Dec. 1954".

to-wit, stocks of liquor seized under them, and to suppress the use of the property as evidence, movants are here insisting that the orders appealed from are not interlocutory but final and appealable, and that they should be reversed with directions to quash the search warrants and return the seized property to movants.

■■ We are of the clear opinion that the orders appealed from, if not made moot by the seizure under libel, are certainly not final but interlocutory. While it is true, as appellant states in his brief, that the motions were filed to obtain, and the principal relief sought in them was the return of the seized property, this is not the situation which prevailed at the time the court entered his orders on the motions. At that time, because of the action of the government in "filing a libel of information civilly seeking forfeiture, pursuant to which the property was ordered seized and taken into the custody of the court", the whole aspect of the proceedings had changed. The motions to quash, if not made moot by, became ancillary to, the forfeiture proceeding and, though the court stated, "Since the property seized obviously is not needed by the government as evidence, we would order it returned to its lawful owner", he also correctly added, "Such an order properly may not be issued. The merits of the government's right to effect this will be determined in due course according to law." Cf. 28 U.S.C. §§ 2461, 2462 and 2463. Raffaeli v. Granger, 3 Cir., 196 F.2d 620; United States v. Cross Town Liquor Mart, D.C., 87 F.Supp. 896.[2]

In view of the claim of the government in its brief that seizure of the liquors under the search warrant was necessary to obtain jurisdiction for forfeiture, Rule 21, Rules of Practice in Admiralty and Maritime cases, 28 U.S.C.A., Coffey v. U. S., 116 U.S. 427–435, 6 S.Ct. 432, 29 L.Ed. 681, 28 U.S.C. § 2461, we do not think that the search warrant proceedings were made moot by the seizure under libel. We think it clear, though, that the orders sought to be appealed from were not final but interlocutory and to the extent, if any, that the search has a bearing on the forfeiture proceedings, the orders sought to be appealed from will be open to reconsideration and change by the district court.

The orders appealed from being interlocutory, the appeals are dismissed without prejudice to the right of movants, if they are so advised, to renew their motions and to appeal from actions with respect to them when the final judgment has been entered in the forfeiture proceedings.

2. Cf. also Reynal v. U. S., 5 Cir., 153 F.2d 929; Rimmer v. U. S., 5 Cir., 172 F.2d 954; and Santos v. U. S., 5 Cir., 170 F.2d 920.