**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James PHILLIPS, Defendant-Appellant.**
**No. 16604.**

United States Court of Appeals
Seventh Circuit.

Aug. 29, 1968.

Stanley Bass, Chicago, Ill., for defendant-appellant.

Thomas A. Foran, U. S. Atty., Robert J. Weber, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before HASTINGS, KILEY and KERNER, Circuit Judges.

HASTINGS, Circuit Judge.

James Phillips appeals from a judgment of conviction entered October 24, 1967 after a jury found him guilty of selling heroin to a federal narcotics agent on July 17, 1964 in violation of 26 U.S.C.A. § 4704(a).[1] The trial court sentenced appellant to imprisonment for a term of three years.

Appellant was indicted with Edward Burke and Ulysses Gougis, Jr. in April, 1965 on charges rising out of the July 17 sale and an earlier sale of heroin on July 14, 1964. As to the July 14 sale appellant and the others were charged with selling heroin in violation of 26 U. S.C.A. § 4705(a)[2] and facilitating the sale of heroin in violation of 21 U.S.C.A. § 174.[3] As to the July 17 sale appellant and Burke were charged with selling heroin in violation of 26 U.S.C.A. § 4705(a) and facilitating the sale of heroin in violation of 21 U.S.C.A. § 174. Gougis was also charged with a narcotics violation on January 27, 1965. Following a bench trial appellant was found guilty of selling heroin on July 17, *not guilty of selling heroin on July 14 and not guilty of facilitating a sale on either occasion.* Burke was found guilty on all counts, and Gougis was found guilty of the January, 1965 violation only.[4]

On November 30, 1965, the trial court, Honorable James B. Parsons presiding, acting on appellant's motion for new trial, vacated and set aside its finding of guilt and judgment of conviction as to appellant.

On February 21, 1967, the United States Attorney filed an information charging appellant with the sale of heroin not in, or from, the original tax-stamped package on July 17, 1964 in violation of 26 U.S.C.A. § 4704(a). The conviction appealed from is based on that information. Appellant had earlier waived indictment on the § 4704(a) charge. On February 27, 1967, the indictment charging the § 4705(a) violation was dismissed as to appellant on the Government's motion.

Trial on the information was to a jury, the Honorable Bernard M. Decker, presiding. The Government's evidence showed the following. On July 17, Agent Carl Jackson of the Federal Bureau of Narcotics called appellant and said he was "ready to get another spoon

1. "It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

2. "It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

3. "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned * * *.

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

4. On appeal of the convictions of Burke and Gougis, we affirmed the conviction of Burke and reversed that of Gougis. United States v. Gougis, 7 Cir., 374 F.2d 758 (1967).

of stuff."[5] Appellant responded, "Yeah, we have been waiting on you. Why don't you do this: Come on out, and I will be waiting." Jackson went to appellant's residence and rang the door buzzer, but no one answered. As he was leaving, Burke walked around the corner and approached him. Burke said, "We have been waiting on you to come back." Jackson told Burke he had just talked with appellant and appellant instructed him to come out and get the other spoon. Burke replied, "Yes, he told me." Burke told Jackson that appellant had to leave and asked Jackson to come with him. Jackson accompanied Burke, who subsequently sold Jackson a spoon of heroin. Appellant was not present during any of these occurrences and had no conversations with Jackson after the telephone call.

Appellant was arrested by narcotics agents on October 24, 1964. When informed that he was being arrested for selling narcotics to Jackson, he replied that he had not given Jackson any money and had not handed him any narcotics. When asked who helped him procure the heroin, he replied that it was Burke and Gougis.

The Government concedes that this evidence was not sufficient to prove the offense charged in the information, since it did not establish a relationship between appellant and Burke, who transacted the illegal sale. It concedes that Burke's extrajudicial declarations were admissible only if other evidence established an agency relationship between appellant and Burke.

█ To prove the charge against appellant the Government had to establish either that he and Burke were acting in concert, making him liable as a principal,[6] United States v. Dillard, 7

Cir., 376 F.2d 365 (1967); United States v. Jones, 2 Cir., 308 F.2d 26 (1962); Walker v. United States, 5 Cir., 301 F.2d 94 (1962), or that he associated himself with the criminal venture and participated in it in a purposeful way, making him liable as an aider and abettor,[7] Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949); United States v. Dillard, supra; United States v. Alexander, 7 Cir., 219 F.2d 225 (1955).

There is no direct evidence connecting appellant with Burke's sale of heroin to Jackson on July 17. To support the inference that Burke and appellant were acting together on July 17 the Government introduced, over appellant's objection, evidence of the July 14 heroin transaction involving appellant, Burke, Gougis, and Agent Jackson. That evidence consisted of the testimony of Jackson and was substantially identical to his testimony at the earlier trial on the indictment. The substance of his testimony was that he asked appellant for heroin, that appellant took him to Burke, describing Burke as his "source", that Burke sold him heroin in appellant's presence, and that Burke approved his suggestion that he call appellant if he wanted more heroin.

The trial court refused to inform the jury that appellant had been tried and acquitted on charges rising from the July 14 heroin sale. Appellant adequately raised the question at trial and we may therefore consider it on appeal.

█ It is well-established that the doctrines of res judicata and collateral estoppel operate in criminal cases to conclusively establish, as between the parties, those facts necessarily litigated and finally determined in valid proceedings. Hoag v. State of New Jersey, 356 U.S.

5. A "Spoon" is a standard measure in the illegal heroin trade.

6. If the relationship was such that appellant could, without difficulty, cause the heroin to be delivered to customers, he had possession of the heroin within the meaning of § 4704(a), giving rise to a rebuttable presumption of guilt. United

States v. Dillard, 7 Cir., 376 F.2d 365 (1967); accord. United States v. Jones, 2 Cir., 308 F.2d 26 (1962); United States v. Hernandez, 2 Cir., 290 F.2d 86 (1961).

7. It is not necessary that the information charge appellant with aiding and abetting in violation of 18 U.S.C.A. § 2. United States v. Dillard, supra.

464, 78 S.Ct. 829, 2 L.Ed.2d 913 (1958); Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948); United States v. Kramer, 2 Cir., 289 F. 2d 909 (1961).

As noted, appellant's trial on the July 14 charges was a bench trial. The trial judge gave as his reasons for acquitting appellant that he was not convinced appellant was aware of "what was going on" on July 14 and, alternatively, that appellant's activities "did not constitute active transfer or the aiding, abetting, counselling or procuring such act of transfer." That proceeding thus determined that appellant's state of knowledge and level of participation in the July 14 transaction did not satisfy the requirements of the statutes under which he was indicted.

The facts so determined pervade the evidence of appellant's involvement in the July 14 sale and cannot easily be excised from that evidence. Therefore, the trial court in the instant case could not give effect to the earlier judgment by the expedient of excluding parts of the evidence. The court had the alternatives of excluding all of the evidence of the July 14 transaction, admitting it and informing the jury of the fact and the basis of appellant's acquittal in the earlier case, or admitting it without informing the jury of the acquittal.

■ The alternative chosen by the court, admitting the evidence without informing the jury of the acquittal, was clearly erroneous. It deprived appellant of the right not to have those facts that were conclusively determined in the earlier case relitigated in the instant case. It left the jury free to consider anew the state of appellant's knowledge and the extent of his participation in the July 14 transaction, both of which have significant bearing on his relationship with Burke. The jury may well have concluded that appellant knowingly and actively assisted Burke in the July 14 sale and inferred that the same relationship existed on July 17.

There remains the question whether the trial court should have excluded evidence of the July 14 transaction altogether or admitted it and informed the jury of appellant's acquittal.

■ Evidence of a prior crime is always unduly prejudicial to a defendant. It diverts the attention of the jury from the question of defendant's responsibility for the crime charged to the improper issue of his bad character. For that reason evidence of prior crimes is admissible only if it is relevant to an issue of material fact in the case, such as the existence of a common scheme or plan, the defendant's state of mind or the existence of a continuous course of conduct. See Tandberg-Hanssen v. United States, 10 Cir., 284 F.2d 331 (1960).

Taken alone the evidence of the July 14 heroin transaction appears highly relevant to the issue of appellant's relationship with Burke on July 17. It tends to establish that appellant and Burke, acting in concert, sold heroin to Jackson on July 14, from which it could reasonably be inferred that appellant was acting in concert with Burke on the July 17 sale. However, when appellant's acquittal is taken into account, that evidence loses most of its relevance. Since, as the acquittal conclusively determined, appellant was unaware of what was transpiring on July 14 and did not participate in the transaction in a way that was unlawful, the evidence tends to establish only that appellant knew Jackson and Burke, that appellant took Jackson to Burke's apartment and that Burke sold heroin to Jackson while appellant was present. At best these facts, if established, would support a weak inference that appellant and Burke cooperated in the July 17 sale.

■ A trial court, in exercising its discretion to admit or exclude evidence of a prior crime, is required to balance its tendency to unduly prejudice the accused against its tendency to prove a material fact. DeVore v. United States, 9 Cir., 368 F.2d 396 (1966); United

States v. Bozza, 2 Cir., 365 F.2d 206 (1966); United States v. Byrd, 2 Cir., 352 F.2d 570 (1965); United States v. Kahaner, 2 Cir., 317 F.2d 459, cert. denied, 375 U.S. 836, 84 S.Ct. 74. 11 L.Ed. 2d 65 (1963); Harper v. United States, 99 U.S.App.D.C. 324, 239 F.2d 945 (1956); see Powell v. United States, 9 Cir., 347 F.2d 156 (1965).

■ If the proffered evidence does not have substantial relevance outweighing its potentially unduly prejudicial effect, its admission is an abuse of discretion. DeVore v. United States, supra; United States v. Byrd, supra; Harper v. United States, supra; see United States v. Bozza, supra; United States v. Kahaner, supra.

■ We conclude that the trial court abused its discretion in admitting evidence of the July 14 heroin sale. In weighing the relevance of the evidence against its potential for undue prejudice, the court failed to give effect to appellant's acquittal on the charges arising from that sale. In our considered judgment, the tendency of the evidence to unduly prejudice appellant clearly outweighed its tendency to prove appellant's relationship to Burke. The addition of information on the fact and the basis of appellant's acquittal would not have shifted the balance in favor of admissibility.

Appellant also complains that the incriminating statements he made at the time of his arrest were inadmissible under the rule of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). The Government concedes that he was not advised of his right to have counsel appointed if he could not afford to employ counsel and that his statements were therefore inadmissible, if the Miranda rule applies. Miranda applies only to cases in which trial began after June 13, 1966, the date of the decision. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Appellant's first trial on the indictment charging him with violations of 26 U.S.C.A. § 4705(a) and 21 U.S.C.A. § 174 began October 25, 1965, and his trial in the instant case on the information charging a violation of 26 U.S.C.A. § 4704(a) began September 14, 1967.

The Government argues that appellant's trial in the instant case was a *retrial*, although the violation charged in the information is technically not the same as the violations charged in the earlier indictment. It argues that Johnson v. State of New Jersey must be interpreted as extending *Miranda* only to cases in which *original trial* began after June 13, 1966 so that law enforcement officers will have had fair notice of the standards for admissibility.

■ We disagree with the Government's interpretation of Johnson v. State of New Jersey. The Supreme Court's selection of the commencement of trial, rather than the arrest of the accused, as the critical point for determining *Miranda's* retroactive application is significant. It indicates that the Court's concern for fair notice to law enforcement officials focused on notice to the prosecutor rather than notice to the arresting officer. By selecting commencement of trial as the critical point the Court avoided upsetting pre-*Miranda* convictions that did not satisfy *Miranda* and permitted completion of those trials in progress that would not satisfy *Miranda*. The Court did not permit incriminating statements made before *Miranda* and violating its standards to be used in trials commenced after it was handed down. Had the Court intended to restrict *Miranda* to cases in which the arrest or the incriminating statement was made after the date of that decision, it would have done so. We interpret Johnson v. State of New Jersey as making *Miranda* applicable to all trials, including retrials, begun after June 13, 1966. See Government of the Virgin Islands v. Lovell, 3 Cir., 378 F.2d 799, 802 n. 4 (1967); Gibson v. United States, 5 Cir., 363 F.2d 146 (1966).

We need not decide whether appellant's trial was an original one or a

retrial, since we hold that *Miranda* applied in either event. We conclude that the trial court erred in admitting appellant's statements.

■ Finally, we conclude that the properly admitted evidence was insufficient to sustain appellant's conviction. Without the evidence of the July 14 sale there was no foundation for admission of Burke's extrajudicial declarations implicating appellant. All that remains is evidence of appellant's telephone conversation with Agent Jackson on July 17, the meeting of Jackson and Burke in front of appellant's apartment [8] and Burke's sale of heroin to Jackson. Aided by every reasonable inference this evidence tends to establish only that appellant and unidentified others were prepared to sell heroin to Jackson on July 17 and that Burke actually sold heroin to Jackson on that date. There was no direct evidence of a working relationship between appellant and Burke and no properly admitted evidence from which such a relationship could be inferred. This clearly does not suffice.

Appellant also argues that § 4704(a) taken in conjunction with related provisions of the Internal Revenue Code imposing a tax on narcotic drugs and requiring the affixing of tax stamps to their containers (26 U.S.C.A. §§ 4701, 4703, 4721, 4771) violates the Fifth Amendment's privilege against self-incrimination. The Supreme Court has recently granted certiorari in a narcotics case to consider, *inter alia*, whether the provisions of 26 U.S.C.A. §§ 4741(a), 4742 and 4744(a), imposing a tax on transfers of marihuana, prohibiting the transfer of marihuana without a specified form of written order and prohibiting the acquisition, transportation or concealment of marihuana without having paid the tax, violate the privilege against self-incrimination. Leary v.

United States, 392 U.S. 903, 88 S.Ct. 2058, 20 L.Ed.2d 1362. The revenue and penal scheme of §§ 4701, 4703, 4704(a), 4721 and 4771 is similar to that of §§ 4741(a), 4742 and 4744(a). The Supreme Court's disposition of the self-incrimination issue in *Leary* may dispose of that issue in this case. For that reason, and because we reverse appellant's conviction on other grounds, we decline to consider the self-incrimination question.

The Government has had two opportunities to prove substantially the same offense: that appellant was acting in concert with Burke when the latter unlawfully sold heroin to Agent Jackson on July 17, 1964. In neither case has it obtained a sustainable conviction. It is clear from the record in the instant case that the Government understood the necessity of establishing a concert of action between appellant and Burke on July 17. We presume it used the best available evidence of such a concert of action.

We have also considered other questions raised by appellant but do not deem it necessary to pass upon them.

Finally, we find ourselves in complete agreement with Judge Decker's comment at the close of the evidence: "Well, I can say this, this is, I think the weakest narcotics case that I have ever heard; * * *."

We express our appreciation to Mr. Stanley A. Bass, a reputable member of the Chicago Bar, for his outstanding services as court-appointed counsel for appellant in this case.

The judgment of conviction appealed from is reversed and this cause is remanded to the district court for a new trial, or, in the alternative, for the entry of an order discharging appellant.

Reversed and remanded.

---

8. The record reveals that Burke lived around the corner from appellant's apartment.