Frank R. Bayger, J.
The above-numbered indictments (Nos. 30, 893-A and B) were returned by the September, 1963 Grand Jury of this county and the defendant arraigned thereon on October 1, 1963. The “A” indictment charged this defendant and a local architect, now deceased, with two counts of fraududently presenting false claims for payment to the Erie County Board of Supervisors. This defendant alone was further charged by that indictment with two counts of grand larceny in connection with the payments made under those claims. All of the charges arose out of work alleged to have been improperly performed by this defendant’s corporation in 1958 in connection with the construction of Erie County Technical Institute. The “ B ” indictment charged this defendant with three counts of perjury for allegedly offering false testimony concerning that work on two occasions in March of 1963 during examinations before trial in the county’s civil action for breach of contract and on the occasion of the defendant’s appearance before the Grand Jury during its subsequent investigation of these matters.
On December 18,1964, the late County Judge, Burke I. Burke, granted motions to dismiss counts one and two of the “A” indictment as to both defendants. This defendant’s further motion, directed to counts three and four, was denied. Nothing further has ever transpired with respect to that indictment and it has never been moved for trial. The defendant now moves for a dismissal of the remaining counts on the grounds of the People’s undue delay in that regard.
It seems unnecessary to further recite the extensive history of these indictments or to here set forth the various arguments offered by the defendant in support of this motion. It is sufficient to note his allegation that no adjournment or delay in the prosecution of this indictment since December of 1964 was ever requested by the defendant and that no opposing affidavits or contrary allegations have been offered by the People. The People have made no showing of good cause for their admitted delay of almost six years in moving this indictment for trial. Sections 8 and 668 of our Code of Criminal Procedure therefore require a dismissal of indictment 30, 893-A (People v. Prosser, 309 N. Y. 353.) Additional grounds for this dismissal are discussed below.
In contrast to this inactivity under the “A” indictment, the People have twice moved the ‘ ‘ B ” indictment for trial. The first trial, commenced in May of 1965, terminated in a mistrial in June of that year and a second trial, commenced in January of 1967 resulted in a hung jury and declaration' of a mistrial in March of that year. The defendant now moves to *788 dismiss that indictment on various grounds of constitutional dimension, the principal argument being that the defendant’s appearance and testimony before the September, 1963 Grand Jury were unconstitutionally coerced in violation of his privilege against self incrimination.
The defendant was a partner in a local construction and trucking firm extensively if not exclusively engaged in the performance of public contracts. It is his contention that by virtue of the provisions of section 103-b of the General Municipal Law he was compelled to execute a waiver of immunity and testify before the Grand Jury in derogation of his right to remain silent under the Fifth and Fourteenth Amendments or cause the destruction of his company’s business and loss of his personal livelihood. He claims that such coercion is unconstitutional under the law of Garrity v. New Jersey (385 U. S. 493) and related cases.
Section 103-b of the General Municipal Law provides, in brief, that any person who -is called before a Grand Jury to testify concerning any public transaction or contract and who refuses to sign a waiver of immunity from subsequent prosecution or to answer any inquiry concerning such transactions or contracts is thereafter disqualified from bidding on or performing any public contract for up to five years. Under that section, had this defendant refused to execute a waiver of immunity from prosecution or failed to answer the Grand Jury’s questions relating to the matters under investigation he and his company would have suffered a ruinous disqualification from further participation in public works and a resultant loss of their livelihood. He was thus presented with Hobson’s choice between possible self incrimination or the forfeiture of his only means of income and livelihood.
The United States Supreme 'Court and the courts of this State have now unequivocally held however that a person’s privilege against self incrimination may not be so restricted or thus circumvented or its waiver thus compelled. (Spevack v. Klein, 385 U. S. 511; Gardner v. Broderick, 392 U. S. 273; People v. Goldman, 21 N Y 2d 152, app. dsmd. Goldman v. New York, 392 U. S. 643; People v. Straehle, 30 A D 2d 452.) A reading of Garrity, Spevack and Gardner makes it clear that the protection afforded by the Fifth Amendment extends to all persons regardless of the nature of their employment or their relationship to the State and that the Fourteenth Amendment precludes a State from imposing a deprivation of one’s livelihood as a price for asserting that privilege. The State is prohibited from imposing penalties or sanctions of any kind which would tend to *789 make one’s exercise of his right to remain silent “costly”. (See Spevack v. Klein, supra.)
This is not to say however that a person such as this defendant may not be called upon to appear and testify before appropriate authority with respect to his performance of a public contract or public office. It simply means that he may not also be required to waive his immunity from criminal prosecution.
As stated in the court’s opinion in Gardner (p. 279): “ the mandate of the great privilege against self-incrimination does not tolerate the attempt, regardless of its ultimate effectiveness, to coerce a waiver of the immunity it confers on penalty of the loss of employment. It is clear that petitioner’s testimony was demanded before the grand jury in part so that it might he used to prosecute him, and not solely for the purpose of securing an accounting of his performance of his public trust. If the latter had been the only purpose, there would be no reason to seek to compel petitioner to waive his immunity. ’ ’
Thus, with hindsight, we see that the Grand Jury might properly have demanded Schwab’s testimony with respect to1 the matters under investigation but it should not have further demanded that he waive his right of immunity from criminal prosecution for crimes thereby disclosed. Under the authorities cited above we must conclude that waiver of immunity to have been the product of an unconstitutional and illegal compulsion and, therefore, to have been totally ineffective, null and void. Consequently, at the time of his appearance and testimony before the Grand Jury, Schwab’s privilege against self incrimination was fully preserved and he retained all the protection afforded thereby. (People v. Straehle, 30 A D 2d 452, supra.)
It is undeniable that at the time of his appearance before the Grand Jury he was then the principal target of that body’s investigation. Their inquiry was aimed at his alleged defrauding of this county in the performance of the E. C. T. I. contract and his alleged perjury in civil proceedings relating to that performance. The limited waiver of immunity which he was coerced to sign specifically related to the crimes of grand larceny and perjury. He was clearly a prospective defendant in any criminal prosecutions emanating from that investigation.
In such a situation it is well settled that, absent a valid waiver of immunity, the subpoenaed witness’' privilege against self incrimination is deemed violated whether or not he thereafter asserts it, and he automatically acquires immunity from prosecution for substantive crimes which were the subject of his compelled testimony. (People v. Steuding, 6 N Y 2d 214; People v. Laino, 10 N Y 2d 161; People v. Yonkers Contr. Co., 24 A D *790 2d 641, mod. on other grounds 17 N Y 2d 322; People v. Tomasello, 21 N Y 2d 143; People v. Straehle, supra.) By reason of his compelled appearance and testimony before the Grand Jury with respect to the work performed at E. C. T. I. and his testimony in the county’s civil action, Schwab automatically acquired immunity from criminal prosecution with respect to those matters. Counts one and two of the “ B ” indictment must therefore be dismissed, together with the remaining counts of the “ A ” indictment which may also be dismissed upon these grounds as well as for the reason previously discussed.
There remains for consideration however the third count of the ‘ ‘ B ” indictment which charges the defendant with the commission of perjury before the Grand Jury. That count relates to his allegedly false Grand Jury testimony to the effect that he purchased a quantity of oil and asphalt from a certain company for use at the construction site and paid therefor by means of a certain Schwab Bros, check. As we have seen, the law is extremely zealous in protecting the rights of a prospective defendant who is called upon to testify before a Grand Jury. But that protection does not extend so far as to amount to an amnesty for perjured testimony. Having acquired an immunity from prosecution for substantive crimes, a witness may not then testify falsely. (People v. Straehle, supra.) And, contrary to the defendant’s contention in this case, that rule applies whether a witness has been “given” that immunity under statute or acquired it automatically as a result of the Grand Jury’s violation of his constitutional privilege. (People v. Tomasello, supra; People v. Goldman, 21 N Y 2d 152, supra.) As appropriately stated by our Court of Appeals in Tomasello, (p. 150):
“ In other words, the protection against prosecution, whether under a statute or in consequence of a violation of the constitutional privilege, extends only to prosecution for past crimes and not to perjury committed in the very process of making the disclosure assertedly compelled. As Wigmore put it in his work on Evidence ([McNaughton rev. ed., 1961], Vol. VIII, § 2282, p. 512):
“ ‘ If argument were needed, it would be sufficient merely to appeal to the terms of the privilege, which forbids that one be compelled to give evidence against himself — for the perjured utterance is not 1‘ evidence ” or “ testimony ” to a crime but is the very act of crime itself; the compulsion is not to testify falsely but to testify truly; and the privilege by hypothesis would have been violated only if the witness had truly given self-incriminating evidence, but if he falsely exonerates himself, he has con *791 fessed no fact ‘1 against himself, ’ ’ hence his privilege has not been infringed by the actual answer even though it might have been by some other answer. ’
“ Since Tomasello, as a prospective defendant or target, acquired a protection from prosecution for substantive crimes based on his * compelled ’ testimony, he may not, and should not, be permitted to escape prosecution for perjury committed in connection with the very testimony that cloaked him with such protection. Courts 1 do not preserve justice a Federal Court of Appeals aptly observed in a somewhat related context (United States v. Remington, 208 F. 2d 567, 570, cert. den. 347 U. S. 913), ‘ by allowing further criminal activity to take place. ’ ’ ’
The similarity in content between the testimony at the examination before trial and the testimony uttered before the Grand Jury is not significant. What is significant is to whom he lied. For his perjury at the examination before trial he may not now be prosecuted. His repetition of that perjury before the Grand Jury on the other hand, remains punishable under our law. The defendant’s motion to dismiss the “ B ” indictment is therefore denied with respect to the third count.
The defendant’s further motion to reimpanel the second trial jury for purposes of .recording a verdict of not guilty under counts one and two of the ‘ ‘ B ” indictment is denied, the issues raised therein having been rendered moot by this decision. His petition for a writ of habeas corpus and motion for a dismissal of the “ B ” indictment in its entirety, on the grounds that to retry that indictment would place the defendant in double jeopardy and would constitute ‘ ‘ harassing prosecution ”, are without merit and must be denied.