John J. McCall, J.
The April, 1970 Grand Jury of Albany County Court had for sometime prior to May 26, 1971, been conducting an investigation into the purchasing and contracting practices in the City and County of Albany. On May 26, 1971, this Grand Jury returned two indictments jointly against Frederick and Margaret Avant. By Indictment No. 75 the defendants here are accused of violating section 175.35 of the Penal Law in that they knowingly offered instruments for filing to the Comptroller of the City of Albany; by Indictment No. 76 the defendants were accused of grand larceny in violation of section 155.35 of the Penal Law in that they stole $18,000 from the City of Albany by false claims for contract work. A subpoena ad testificandum was issued to each of the defendants to appear before the Grand Jury on March 10, 1971 and a subpoena duces tecum was likewise issued to each to produce extensive business records relating to transactions occurring between March 1, 1969 and March 30, 1970. After the disposition of some preliminary motions with reference to the' subpoenas, the defendants appeared before the jury on March 17, 1971, having first signed a limited waiver of immunity, limited to transactions and contracts between the defendants and any political subdivision mentioned in section 103-b of the General Municipal Law. The Assistant District Attorney required the defendants to sign a waiver of immunity. Counsel for the defendants advised them they would be required to sign this in order to continue to be eligible for contract work with the City of Albany. Counsel for the defendants told the Assistant District Attorney of the advice given and told him his clients would sign for that reason and thereafter did so sign the waiver. Thereafter the records were produced and the defendants did testify before the Grand Jury pursuant to the subpoenas issued. Defendants now contend that these waivers are of no force and *447 effect on constitutional grounds and that there being in effect no waiver here, they were <£ targets ” of investigation and/or prospective defendants, compelled to testify and to produce records and therefore not subject to indictment by the Grand Jury nor was any evidence adduced by such compulsion valid thereafter for use against them.
A Grand Jury investigating contracting practices for evidence of crime certainly had to consider one of the contracting parties as a target or, indeed, a prospective defendant. The law in this State involved in this situation is clearly set forth in People v. Steuding (6 N Y 2d 214). The Court of Appeals in the opening sentence said 1 ‘ By virtue of the Constitution of this State (art. I, § 6) —and it is solely the Constitution of New York with which we are now concerned — a prospective defendant or one who is a target of an investigation may not be called and examined before a Grand Jury and, if he is, his constitutionally-conferred privilege against self incrimination is deemed violated even though he does not claim or assert the privilege. * * * An automatic result of the violation of this constitutional privilege is that the defendant is protected not only from indictment based on any incriminating testimony which he has given, but also from use of such evidence ”. Later the court said a violation of the constitutional privilege carries with it a dismissal of the indictment returned by the Grand Jury before whom the defendant testified.
Again in People v. Laino (10 N Y 2d 161) the principle of Steuding was reaffirmed. The defendant there was a prospective defendant and he was subpoenaed with his books and records. The Grand Jury was investigating bidding practices in the City of Utica. Defendant appeared, claimed his privileges, was told he was not a defendant, but answered all questions and submitted his books not interposing a privilege. He was indicted for tax evasion. The court said, on the record, he was a prospective defendant and held (p. 172): “ The violation of the privilege occurred when the testimony and the records were given under compulsion of subpoena ”. The indictment for a crime not connected with the subject of the investigation was dismissed. Here it appears that the subpoenas duces tecum has the same compelling force as a subpoena ad testificandum and its use constitutes the gathering of testimony in violation of the privilege. In People v. Defore (242 N. Y. 13, 27) Judge Casdozo refers to the words of the court in Haywood v. United States (268 F. 795) “A defendant is ‘ protected from producing his documents * * * for his production of them *448 in court would be his voucher of their genuineness.’ There would be ‘ testimonial compulsion ’ ’ ’. Further on in the Laino case (p. 173), the court stated reindictment was possible but only on evidence independent of the evidence, links and leads furnished by the prospective defendant.
From the foregoing it must be concluded that these indictments are to be dismissed and all the evidence adduced, records or testimony, be indelibly branded as invalid and not available for any further use against the defendants. A valid waiver would forestall this conclusion. Is there one here!
The first step to be taken in examining this waiver is- to note the provisions of section 103-b of the General Municipal Law, This is so because the instrument makes particular reference to that statute. The law reads as follows:
“ § 103-b. Disqualification to contract with municipal corporations and fire districts.
“Any person who, when called before a grand jury, head of a state department, temporary state commission or other state agency, the organized crime task force in the department of law, head of a city department or other city agency, which is empowered to compel the attendance of witnesses and examine them under oath, to testify in an investigation concerning any transaction or contract had with the state, any political •subdivision thereof, a public authority, or with a public department, agency or official of the state or of any political subdivision thereof or of a public authority, refuses to sign a waiver of immunity against subsequent criminal prosecution or to answer any relevant question concerning such transaction or contract, and any firm, partnership or corporation of which he is a member, partner, director or officer shall be disqualified from thereafter selling to or submitting bids to or receiving awards from or entering into any contracts with any municipal corporation or fire district, or with any public department, agency or official thereof, for goods, work or services, for a period of five years after such refusal or until a disqualification shall be removed pursuant to the provisions of section one hundred three-c of this article.
‘ ‘ It shall be the duty of the officer conducting the investigation before the grand jury, the head of a state department, the chairman of the temporary state commission or other state agency, the organized crime task force in the department of law, the head of a city department or other city agency before which the refusal occurs to send notice of such refusal, together with the names of any firm, partnership or corporation of which *449 the person so refusing is known to be a member, partner, officer or director, to the commissioner of transportation of the State of New York and the appropriate departments, agencies and officials of the state, political subdivisions thereof or public authorities with whom the person so, refusing and any firm, partnership or corporation of which he is a member, partner, director or officer, is known to have a contract. However, when such refusal occurs before a body other than a grand jury, notice of refusal shall not be sent for a period of ten days after such refusal occurs. Prior to the expiration of this ten day period, any person, firm, partnership or corporation which has become liable to the cancellation or termination of a contract or disqualification to contract on account of such refusal may commence a special proceeding at a special term of the supreme court, held within the judicial district in which the refusal occurred, for an order determining whether the questions in response to which the refusal occurred were relevant and material to the inquiry. Upon the commencement of such proceeding, the sending of such notice of refusal to answer shall be subject to order of the court in which the proceeding was brought in a manner and on such terms as the court may deem just. If a proceeding is not brought within ten days, notice of refusal shall thereupon be sent as provided herein.”
As will readily be realized, a refusal of these defendants to execute the proffered waiver meant an immediate disqualification for further municipal business and a summary interruption of a source of their livelihood. The right to contract to ■render services and to engage in an occupation that can render such services is certainly a necessary adjunct of the right of private property. By the procedure followed here the defendants’ right to earn their living was placed in juxtaposition to their privilege against self incrimination and they were forced to choose between the two. Indeed, such a Hobson’s choice has no place in our law as will hereinafter appear.
It is now well established by decisions of the United States Supreme Court and our own Court of Appeals that the waiver of a person’s privilege against self incrimination cannot be compelled. The privilege is never to be laid on the bargaining table (Spevack v. Klein, 385 U. S. 511; Gardner v. Broderick, 392 U. S. 273; People v. Goldman, 21 N Y 2d 152; People v. Straehle, 53 Misc 2d 512). The State is prohibited from imposing penalties or sanctions of any kind which would tend to make one’s exercise of his right to remain silent “costly”. (Spevack v. Klein, supra.) In Gardner (p. 279) the court *450 said: “ The mandate of the great privilege against self-incrimination does not tolerate the attempt, regardless of its ultimate effectiveness, to coerce a waiver of the immunity it confers on penalty of loss of employment”. It can be seen from the foregoing that the unconstitutional axe has fallen on section 103-b, that the People here have chosen a means to prosecute that is not available in law and that the waiver here is “ forced ” and hence invalid for all purposes. The situation here parallels that in People v. Schwab (62 Misc 2d 786).
Absent the valid waiver then, there is nothing here to forestall the prior conclusion that the indictments are to be dismissed and the records and testimony are invalid for all purposes against the defendants.
Other arguments are advanced for the dismissal of the indictments but since the necessities of the case do not dictate their consideration they are simply not reached.
Indictments dismissed. The proposed order may contain a provision directing the District Attorney to return all subpoenaed records to the defendant.