**Jack Douglas BAILEY, Petitioner,**

v.

**Ramon GRAY, Warden, Wisconsin State Prison, Respondent.**

No. 75–C–472.

United States District Court,
E. D. Wisconsin.

Dec. 29, 1976.

Post Conviction Defense Project by Charles B. Vetzner, Madison, Wis., for petitioner.

Bronson C. La Follette, Atty. Gen. by John M. Schmolesky, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This petition for issuance of a writ of habeas corpus is before the court on the petitioner's motion for summary judgment, the record of proceedings in the state trial court including pertinent portions of the transcripts of the preliminary hearing and the trial, and the briefs of counsel.

The petitioner challenges his convictions on May 26, 1973, in the county court of Racine county, the Honorable William F. Jones, county judge presiding, of the crimes of first-degree murder, enticing a child and attempted enticing a child, on which he was sentenced to terms of life imprisonment and consecutive indeterminate terms of not more than eight and three years, respectively. The convictions were affirmed by the Wisconsin supreme court in the case of *Bailey v. State,* 65 Wis.2d 331, 222 N.W.2d 871 (1974).

As summarized in the brief in support of the motion for summary judgment, the petitioner asserts these grounds for relief: the insufficiency or total lack of the evidence to support conviction on any of the counts; denial of due process by joinder of the counts in a single trial; denial of due process and the equal protection of the laws as well as of the right to counsel by the deprivation of the right to a preliminary hearing on the charges of enticement and attempted enticement; prosecutorial misconduct; and use of prejudicial evidence.

The substance of these claims was considered by the Wisconsin supreme court on appellate review where the petitioner was represented by the public defender. After careful consideration of the state court record including the transcripts of proceedings in the trial court, I am of the opinion that the statement of facts preceding the opinion of the court in *Bailey v. State,* supra, as well as the additional facts set forth in the body thereof, accurately detail the evidence material to the claims of this petition. No purpose would be served by further summary of the record here. Further, I conclude that the determinations of

the Wisconsin supreme court with respect to the issues are fully supported by the evidence of record and dispositive of the claims under controlling state law and constitutional principles. Accordingly, I support the opinion which is annexed for reference as determinative of the claims of the instant petition with the following additional comments.*

■ To buttress his legal arguments, particularly those as to the sufficiency of the evidence and the propriety of the joinder for trial of the various offenses with which he was charged, the petitioner sets forth certain evidentiary matters that would appear to be inconsistent with the verdicts of guilty. These include the testimony of a child that the victim was seen alive and that the time of death was established at times when the whereabouts of the petitioner were accounted for. Further, the petitioner urges that the victim's panties, on which evidence of human type AB blood was found, were removed from the victim in a white, unsoiled and undamaged state. These factual allegations do not fairly reflect the evidence of record. The child's testimony initially adduced under somewhat questionable circumstances apparently was not credited by the triers of the facts whose determination is not reviewable on collateral attack on the conviction. The time of death was shown as 7 p.m., "plus or minus 24" hours, rather than a time certain; and, there was credible evidence that the panties were in fact soiled at the time of their removal. On consideration of the evidence as fairly summarized in the state supreme court's opinion, it is clear that no question of constitutional dimensions is presented as to the sufficiency thereof with respect to any of the counts of which the petitioner was convicted. See *Thompson v. Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960).

■ Although reflecting the controlling law concerning the propriety of joinder for trial of various counts charged by the informations, the cases on which the petitioner relies to show a prejudicial joinder in the instant case must be distinguished on their facts. See, e.g. *Drew v. United States*, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964) (joinder of robbery and attempted robbery involving different times and scenes); *United States v. Phillips*, 401 F.2d 301 (7th Cir. 1969) (evidence of prior sale of heroin without disclosing that the defendant was acquitted of the charge); *United States v. Goodwin*, 492 F.2d 1141 (5th Cir. 1974) (evidence of the other crimes committed nine months later than that charged.) Since the offenses with which the petitioner was charged were closely related as to scene and time and the evidence to support each count was technically admissible on the trial of the other counts, the joinder cannot be deemed prejudicial. See *Tribbitt v. Wainwright*, 540 F.2d 840 (5th Cir. 1976).

■ The procedure under Wisconsin law with respect to the right to a preliminary hearing, explained in *Bailey v. State, supra*, is not inconsistent with the requirements of the equal protection of the laws, or of due process or the right to counsel under *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) and *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). The finding of probable cause to believe that a defendant has committed a felony serves the purpose of a bind over for trial. If the evidence on the preliminary hearing, at which a defendant is represented by counsel and has an opportunity for cross examination and discovery, discloses that there is probable cause to believe that a defendant has committed additional felonies, the district attorney may charge such felonies by the filing of further informations in accordance with the evidence as was done in the petitioner's case. Thus, all charges finally preferred by information for trial rest on an evidentiary hearing in which the rights of the defendant are fully protected. This situation is not comparable to that of dismissal of one of multiple counts of a criminal complaint for want of probable cause in which case the district

---

* Editorial Note—The opinion of the Wisconsin Supreme Court has, with permission of Judge Gordon, been deleted. The opinion is reported at 65 Wis.2d 331, 222 N.W.2d 871.

attorney may not file an information as to the dismissed count unless he files another complaint if he has or discovers additional evidence.

Further, under Wisconsin procedure there is provision for the discovery of the names and addresses of witnesses; inspection of physical evidence; scientific testing where appropriate; and for the challenging of the sufficiency of any information, including that filed after the preliminary hearing.

Finally, the petitioner asks this court to review the admissibility of allegedly prejudicial evidence in the form of a blood stained mattress on the ground that while the matter ordinarily is not reviewable on federal habeas corpus, see *United States ex rel. Bibbs v. Twomey,* 506 F.2d 1220, 1222–3 (7th Cir. 1974), it has become so because the Wisconsin supreme court addressed itself to the merits of the question of a waiver of the right to object to the evidence. I concur in the disposition of the waiver question by the state supreme court. As to the merits of the question of the admissibility of said evidence the record does not show any denial of fundamental fairness to raise a federal constitutional question. See *United States ex rel. Clark v. Fike,* 538 F. 750, 757 (7th Cir. 1976).

After consideration of the pleadings, record and argument of counsel, I conclude that there are not disputed issues of material fact and that the petitioner has failed to show any violations of his constitutional rights in fact or in law.

Therefore, IT IS ORDERED that the petitioner's motion for summary judgment be and hereby is denied. Further, it is ordered that the petition be and hereby is denied.