**UNITED STATES of America, Appellee,**

**v.**

**Philip SCHWAB, Defendant–Appellant.**

**No. 1360, Docket 89–1048.**

United States Court of Appeals,
Second Circuit.

Argued June 1, 1989.

Decided Sept. 28, 1989.

Michael Washor, New York, N.Y. (Washor, Greenberg & Washor, New York City, Leonard W. Yelsky, Angelo F. Lonardo, Yelsky & Lonardo Co., Cleveland, Ohio, on the brief), for defendant-appellant.

George B. Daniels, Asst. U.S. Atty. (Andrew J. Maloney, U.S. Atty., John Gleeson, Asst. U.S. Atty., Brooklyn, N.Y., on the brief), for appellee.

Before KAUFMAN, NEWMAN and MINER, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The principal issue on this appeal is whether a prosecutor may seek to impeach a defendant's credibility by asking the defendant on cross-examination about prior misconduct that the prosecutor knows has been the subject of a trial and an acquittal. The issue arises on an appeal by Philip B. Schwab from a judgment of the District Court for the Eastern District of New York (Eugene H. Nickerson, Judge), convicting him, upon a jury verdict, of bribing and offering to bribe a public official, in violation of 18 U.S.C. § 201(b)(1)(A) (Supp. V 1987). We conclude that the cross-examination was improper but harmless error under the circumstances of this case. We therefore affirm.

The evidence overwhelmingly established that Schwab paid $25,000 to a compliance officer of the United States Environmental Protection Agency and offered to pay him an additional $25,000. Schwab paid the money to the EPA officer to overlook the fact that Schwab's demolition company had not complied with regulations governing asbestos removal. The evidence included tape recordings of conversations between Schwab and the EPA officer.

On appeal, Schwab contends that he should receive a new trial because of the prosecutor's cross-examination of himself and two defense witnesses. On cross-examination, the prosecutor asked Schwab: "[I]sn't it a fact that you committed income tax fraud in 1970?" and "Isn't it a fact that you committed perjury in October of 1965?" Schwab answered "No" to both questions. At a sidebar conference after these questions were asked and answered, defense counsel informed Judge Nickerson that the defendant had been tried and acquitted on the tax fraud and perjury charges and moved for a mistrial. Counsel also reported that he had previously informed the prosecutor of the acquittals. The perjury charge in fact had resulted in a dismissal. *See People v. Schwab*, 62 Misc.2d 786, 310 N.Y.S.2d 436 (Erie County Ct.1970).[1] The Government has not denied,

---

1. In the state court case, Schwab was indicted for three counts of perjury, two concerning allegedly false testimony given in March 1963 in a civil suit and one concerning allegedly false testimony given before a county grand jury in October 1963. The first two counts were dis-

either at trial or on appeal, that it had previously been informed that both charges had been resolved favorably to Schwab. The judge then said to the prosecutor, "You never told me that he was acquitted of the income tax fraud." The prosecutor replied that he did not think it was "significant."[2] Judge Nickerson denied the mistrial motion, but promptly instructed the jury that, though there had been questions asked about tax fraud and perjury, "[t]here's no evidence in the record of that at all. Please disregard that. Remember the questions aren't evidence."

Rule 608(b) of the Federal Rules of Evidence provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . . .

In the Government's view, the prosecutor was entitled to ask the defendant whether he had committed tax fraud and perjury, notwithstanding the acquittal on the first charge and the dismissal of the second. The Government acknowledges that the prosecutor would be bound by the answers in the sense that he could not dispute denials with extrinsic evidence.

 In analyzing the issue, it will be helpful to distinguish among the various purposes for which prior misconduct may have evidentiary value. First, the misconduct may be relevant to an issue in the case, such as intent or identity. When offered for that purpose, prior misconduct

is governed by Fed.R.Evid. 404(b). Second, the misconduct may be relevant to impeachment of a witness, including the defendant, because it tends to show the character of the witness for untruthfulness. When offered for that purpose, prior misconduct is governed by Fed.R.Evid. 608(b), which precludes proof by extrinsic evidence and limits the inquiry to cross-examination of the witness. Third, the misconduct may be relevant to impeachment of a witness on some ground other than the character of a witness for untruthfulness. The most typical example is misconduct offered to show bias of the witness. When offered for that purpose, misconduct is not limited by the strictures of Rule 608(b). *See United States v. James*, 609 F.2d 36, 45–46 (2d Cir.1979), *cert. denied*, 445 U.S. 905, 100 S.Ct. 1082, 63 L.Ed.2d 321 (1980). The pending case falls within the second category, but unlike the typical situation where a witness, including a defendant, is cross-examined about uncharged misconduct, Schwab was cross-examined about alleged misconduct—tax fraud—for which he had been charged, tried, and acquitted.

An acquittal establishes that the defendant's perpetration of the charged misconduct has not been proven beyond a reasonable doubt. It is therefore arguable that whether the misconduct occurred may be inquired about within the constraints of Rule 608(b) and Rule 403 since the reasonable doubt standard applies to the jury's ultimate determination of guilt and does not apply to its assessment of each subsidiary fact that may contribute to that determination, such as the credibility of the defendant. *See United States v. Viafara-Rodriguez*, 729 F.2d 912, 913 (2d Cir.1984); *United States v. Valenti*, 134 F.2d 362, 364 (2d Cir.), *cert. denied*, 319 U.S. 761, 63 S.Ct. 1317, 87 L.Ed. 1712 (1943). This ar-

---

missed in 1970 because Schwab had unlawfully been required to waive immunity before the grand jury that indicted him. *People v. Schwab, supra.* The third count was dismissed in 1972 on motion of the district attorney because of the "time lapse and trial history," which included two mistrials. *People v. Schwab*, No. 30,893 A & B, order dismissing action at 2 (Sup.Ct. Feb. 8, 1972).

**2.** The prosecutor's view that the acquittal lacked significance evidently persists on appeal: In arguing that cross-examination concerning the tax fraud charge was proper, the Government's brief makes no mention of the acquittal. Indeed, the Government does not distinguish itself by stating, "Schwab had a criminal record indicating tax fraud and perjury." Brief for Appellee at 15.

gument has had a mixed reception in the various contexts in which it has been made.

Where prior misconduct has been offered to prove a fact significant to the establishment of guilt, the cases are divided as to whether a prior acquittal bars the evidence. Compare *United States v. Dowling*, 855 F.2d 114, 120–22 (3d Cir.1988) (barring evidence but error harmless), *cert. granted,* —— U.S. ——, 109 S.Ct. 1309, 103 L.Ed.2d 579 (1989); *United States v. Keller*, 624 F.2d 1154 (3d Cir.1980) (barring evidence); *United States v. Mespoulede*, 597 F.2d 329 (2d Cir.1979) (same); *United States v. Day*, 591 F.2d 861 (D.C.Cir.1979) (same); *Wingate v. Wainwright*, 464 F.2d 209 (5th Cir. 1972) (same); and *United States v. Kramer*, 289 F.2d 909, 913–18 (2d Cir.1961) (same), with *United States v. Van Cleave*, 599 F.2d 954, 956–57 (10th Cir.1979) (allowing evidence); *Oliphant v. Koehler*, 594 F.2d 547, 550–55 (6th Cir.) (same), *cert. denied,* 444 U.S. 877, 100 S.Ct. 162, 62 L.Ed.2d 105 (1979); *United States v. Etley*, 574 F.2d 850, 852–53 (5th Cir.) (same), *cert. denied,* 439 U.S. 967, 99 S.Ct. 458, 58 L.Ed.2d 427 (1978); *United States v. Rocha*, 553 F.2d 615 (9th Cir.1977) (same); *United States v. Kills Plenty*, 466 F.2d 240, 243 (8th Cir.1972) (same), *cert. denied,* 410 U.S. 916, 93 S.Ct. 971, 35 L.Ed.2d 278 (1973); *United States v. Castro–Castro*, 464 F.2d 336 (9th Cir.1972) (same), *cert. denied,* 410 U.S. 916, 93 S.Ct. 971, 35 L.Ed.2d 278 (1973); and *United States v. Feinberg*, 383 F.2d 60, 71–72 (2d Cir.1967) (same), *cert. denied,* 389 U.S. 1044, 88 S.Ct. 788, 19 L.Ed.2d 836 (1968). *Cf. Lee v. United States*, 368 F.2d 834 (D.C.Cir.1966) (reversing conviction where extrinsic evidence was introduced to impeach defendant's denial of prior misconduct for which he had been tried and acquitted).

Some of the cases do not stand in quite the stark opposition that the above listing might indicate since particular circumstances, rather than a general rule, contributed to the outcomes. *See, e.g., United States v. Feinberg, supra* (collateral estoppel inapplicable because prosecuting sovereigns were different and uncertainty existed as to whether prior acquittal had conclusively established the fact subsequently sought to

be proved). We have cast considerable doubt on the pertinence of the difference in standards of proof in the prior and subsequent proceedings, *see United States v. Kramer,* 289 F.2d at 913, although the Supreme Court case relied upon, *Coffey v. United States,* 116 U.S. 427, 6 S.Ct. 432, 29 L.Ed. 681 (1886), was accorded perhaps more weight than was warranted. *But see United States v. Etley,* 574 F.2d at 853 (allowing evidence of prior crime resulting in acquittal because of difference in standards of proof). It is not entirely clear whether the decisions precluding use of prior acts resulting in an acquittal are grounded on technical application of collateral estoppel, which might limit the preclusion to instances where the same sovereign prosecuted both cases, or rest on more general considerations of fairness, *see, e.g., United States v. Mespoulede,* 597 F.2d at 335 ("simply ... inequitable"); *Wingate v. Wainwright,* 464 F.2d at 215 ("fundamentally unfair and totally incongruous with our basic concepts of justice").

In the context of sentencing, where prior misconduct is offered not to prove guilt but solely to determine the extent of punishment, we have ruled that a sentencing judge may take into account evidence of a defendant's prior misconduct established by a preponderance of the evidence, notwithstanding an acquittal. *See United States v. Sweig,* 454 F.2d 181 (2d Cir.1972). But the sentencing context is entirely different from the context of cross-examination of a defendant during trial. At sentencing, the facts concerning the prior misconduct may be developed by extrinsic evidence, and the judge may take evidence of the misconduct into account if satisfied that it has been established by a preponderance of the evidence, despite the fact that a jury was not persuaded beyond a reasonable doubt. However, when witnesses are cross-examined as to alleged prior misconduct for which they have been tried and acquitted, there is no opportunity to present extrinsic evidence bearing on whether the misconduct occurred.

The trial context, in which prior misconduct is offered to prove a fact relevant to a

subsequent prosecution, is more pertinent to the issue in this case than is the sentencing context. Though the prior misconduct was sought to be elicited in this case to impeach the defendant's credibility rather than prove a fact such as intent or knowledge, there is a strong argument that the same considerations that precluded the evidence in *Mespoulede* should bar it here.

■ However, we need not rest decision on collateral estoppel nor on more general considerations of fundamental fairness since the evidence is inadmissible under the standards of Rules 608(b) and 403. Rule 608(b) provides that specific instances of misconduct may be inquired into on cross-examination "in the discretion of the court, if probative of truthfulness or untruthfulness." Rule 403 obliges the trial judge to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice," among other factors. Both rules thus require the exercise of discretion with respect to admission of prior acts of misconduct. Whether or not an acquittal technically estops the prosecution from eliciting the fact of prior misconduct, it will normally alter the balance between probative force and prejudice, which is already a close matter in many cases where prior misconduct of a defendant is offered. *See United States v. Phillips*, 401 F.2d 301 (7th Cir.1968). Moreover, there is the blunt reality that a witness who has been acquitted will almost certainly deny the misconduct, either because he did no wrong or because he may understandably believe that when asked about it after an acquittal, he is entitled to have the law regard him as innocent. Thus, the only purpose served by permitting the inquiry is to place before the jury the allegation of misconduct contained in the prosecutor's question, an allegation the jury will be instructed has no evidentiary weight. To permit the inquiry risks unfair prejudice, which is not justified by the theoretical possibility that the witness, though acquitted, will admit to the misconduct. When the witness is the defendant, the significance of the prejudice is magnified.

■ In the pending case, not only had the alleged prior misconduct concerning the tax charge resulted in an acquittal, but the matter had arisen eighteen years prior to the trial at which it was sought to be probed on cross-examination. Moreover, the prosecutor had no information in his possession to indicate that Schwab was guilty of the misconduct. Under these circumstances, cross-examination concerning the tax matter was beyond the discretion confided in the trial judge by Rules 608(b) and 403.

■ The prosecutor was at fault in this case not only for cross-examining as to matters for which the defendant had been tried and acquitted but also for pursuing the inquiry without alerting the trial court, either by pretrial memorandum or sidebar conference, of his intended course. Since, as far as we can ascertain, no decision has approved cross-examination of this sort, it was extremely imprudent for the prosecutor to preempt the trial judge's opportunity to consider, before any damage might be done, whether to allow such novel questioning. The failure to alert the trial judge is especially serious since the prosecutor had been told about the acquittal and had no contrary information. Had the prosecutor known only of the charges and not the outcome, it would still have been prudent to raise the matter at sidebar so that the trial judge could decide whether to conduct a voir dire inquiry as to the outcome of the charges.

The significance of the prosecutor's omission is compounded still further by the fact that the matters the prosecutor inquired about were charges made twenty-three and eighteen years prior to the trial. If these matters had resulted in convictions, the fact that such convictions would have been more than ten years old would have required the prosecutor to give the defendant notice of his intent to use them, Fed.R. Evid. 609(b), and the trial judge could have admitted them only upon an explicit finding that their probative value substantially outweighed their prejudicial effect, *id.* Though Rule 608(b) has no ten-year rule comparable to Rule 609, the discretion that

trial judges are obliged to use in deciding whether to permit cross-examination concerning ancient misconduct cannot be exercised before the well has been poisoned unless the prosecutor alerts the judge by an offer of proof out of the hearing of the jury.[3]

Though the cross-examination of the defendant was improper, we are satisfied that the error was harmless. Schwab denied the misconduct, and no evidence was introduced to dispute his denials. Moreover, the trial judge promptly issued appropriate instructions. Most significantly, the evidence of guilt, which included Schwab's recorded incriminating conversations, was overwhelming.

Appellant's objection to the cross-examination of two defense witnesses is not cause for concern. With respect to the first witness, Martin Haitz, the prosecutor, not previously alerted to the identity of the witness, initiated an investigation while Haitz was testifying and learned that criminal charges of fraud and larceny had been brought against him; the investigation did not ascertain the ultimate disposition. The prosecutor alerted the trial judge to his proposed cross-examination and received approval to inquire pursuant to Rule 608(b). Haitz testified that fraud charges based on the issuance of bad checks had been brought against him, but that the charges were dropped after he explained that the checks were issued by a corporation after he had sold it. Though it might have been preferable for the District Judge to have elicited the testimony out of the presence of the jury so that the judge could make the Rule 403 assessment before permitting the cross-examination, we cannot say that it was error not to do so.

With respect to the second witness, Robert Gibbs, the prosecutor also learned, apparently while the witness was testifying, that an FBI "rap" sheet indicated criminal charges, including mail fraud, arising out of Gibbs' alleged embezzlement from a bank. At a sidebar conference, the prose-

cutor, who had not yet obtained a fax copy of the "rap" sheet, said there "may" be a conviction; defense counsel said there had been an acquittal. Judge Nickerson permitted cross-examination. Gibbs denied embezzling funds from a Florida bank that had employed him, admitted agreeing to a judgment to repay some $253,000 to a different Florida bank, and said that the repayment had nothing to do with his bank employment. He denied committing mail fraud in connection with either bank. On redirect, Gibbs said he had never been convicted of any federal or state crime. Nothing in the record supports defense counsel's claim at sidebar that Gibbs had been tried for a banking crime and found not guilty.

As with the cross-examination of Haitz, we see no error. The prosecutor had a plausible basis for cross-examining as to prior misconduct and did so within the limits of Rule 608(b).

Appellant's remaining contentions, which do not warrant discussion, are without merit.

The judgment of the District Court is affirmed.

---

**3.** In enacting Rule 608(b), Congress deleted the limitation in the rule as submitted by the Supreme Court that the prior misconduct not be "remote in time," and instead left the matter of timeliness to "the discretion of the court." H.R. Rep. No. 650, 93d Cong., 1st Sess. 10 (1973).